The Chicago, Paducah and Memphis Railroad Co.

*v.*

William T. Atterbury *et al.*

*Filed at Mt. Vernon May 10, 1895.*

1. Evidence—*what will cure improper exclusion of.*  The exclusion of a record book offered to prove incorporation is not ground for reversal, where other evidence held by the court sufficient to establish the fact was admitted.

2. Instructions—*must be based on evidence and relate to issue.*  Instructions, although correct, should not be given unless they are based on the evidence and relate to the issue presented by the pleadings.

3. Same—*in condemnation—as to future damages by fire.*  On a trial involving only the value of land taken by a railroad company and damage to lands not taken, an instruction as to the right of the land owner to recover damages, by fire or otherwise, occasioned by the negligence of the company, is properly refused.

4. Damages—*in condemnation—depreciation through exposure to fire.*  Depreciation in the market value of land by its exposure to fire or other cause of injury, in consequence of the location and operation of a railroad, constitutes an element of damages.

5. Appeals and errors—*error in excluding testimony—how cured.*  Error in excluding testimony is cured by the court's afterwards informing counsel that the testimony will be admitted.

APPEAL from the County Court of Jefferson county; the Hon. W. T. PACE, Judge, presiding.

NORMAN H. MOSS, and C. H. PATTON, for appellant.

LAIRD & LAIRD, for appellees.

Per CURIAM: This was a petition brought by the Chicago, Paducah and Memphis Railroad Company, against William T. and Mary A. Atterbury, in the county court of Jefferson county, to condemn lands for a right of way. A trial was had before a jury, which resulted in a verdict fixing the compensation of appellees at $140 for land taken and $200 for damages to land not taken,—in all $340. The court, after overruling a motion entered by petitioner for a new trial, rendered judgment on the verdict, and the railroad company appealed.

It is claimed that the court erred in refusing to admit in evidence deed record No. 51 of the Jefferson county circuit court, containing a record of petitioner's articles of incorporation. The court excluded the book on the ground that it was not proven to be a record by a proper custodian. Proof which the court held sufficient to establish the fact of incorporation of petitioner, and which authorized it to condemn lands, was introduced before the court. It was therefore wholly immaterial whether the question as to the admission of the record book was decided right or wrong.

It is next claimed by the railroad company that the court erred in refusing its instructions numbered 15 and 16. No. 15 was as follows:

"The jury are instructed, that after the construction and operation of this railroad either of the defendants, or any other person, should suffer loss or sustain damage by fire, or otherwise, occasioned by the negligence of the railroad company or its employees, they, or either of them so sustaining loss or damages, may sue for and recover

the same in any court of law having jurisdiction of such cases."

It may be conceded that the instruction lays down a correct proposition. But it does not follow that the court was required to give it to the jury. It is no part of the duty of a trial court to give every abstract proposition of law that an attorney may ask. Instructions must be predicated on the evidence and relate to the issue presented by the pleadings, and when they do not, although they may announce a correct principle of law, the court is not required to give them to the jury. While it is true that the owner of a farm over which a railroad is constructed may sue for and recover such damages as he may sustain through the negligence of the railroad company in the running of its trains over and across his lands, as announced in the instruction, yet that was not the issue the jury were called upon to try. The question, and the only question, before the jury for determination was the value of the land taken by the railroad company, and the amount of damages defendants would sustain to lands not taken by the construction and operation of the railroad, and the right to sue for and recover damages for negligence would not prevent the recovery of full damages for lands taken or lands damaged by the construction and operation of the road. If the market value of defendant's lands was depreciated in consequence of the location and operation of the railroad across the lands, whether the depreciation arose from exposure of the property to fire, or other cause, defendants were entitled to recover whatever the depreciation might be in the market.

The other refused instruction, which related to the character of evidence to be considered as to the value of land taken, is embraced in other instructions given, and its refusal worked petitioner no injury.

It is also claimed that the court erred in giving defendant's fourteenth instruction, which, in substance, directed

the jury that in arriving at the damages to be awarded
for land not taken, they may take into consideration any
damages the evidence may show will be caused by the
close proximity of the railroad to claimants' property
not taken, by the discharge of cinders, ashes and smoke
upon the premises, and any real danger to the property
from fire from engines.    Upon an examination of the
record it will be found that the railroad was laid out over
and across the farm land of defendants.    At the point
where the railroad track crosses the land the farm is
improved and in cultivation.    Where a railroad is located
through lands which are in cultivation, and buildings or
fences or crops are exposed to fire from passing trains, and
the lands are thus rendered less valuable in the market,
we perceive no reason why such matters may not be taken
into consideration by the jury in determining what com-
pensation should be paid to the land owner.    Indeed, in
*Keithsburg and Eastern Railroad Co.* v. *Henry,* 79 Ill. 290, it
was expressly held that the danger of fire from passing
engines was an element proper to be considered by the
jury in assessing damages in such cases.

Instructions 3, 4 and 6, given for the defendants, in
reference to the credibility of witnesses, are somewhat
criticised by counsel for petitioner, but we do not regard
the instructions as erroneous.

The witness Maxcy was requested to state the market
value per acre of the land in question on October 5, 1894.
Objection was made to the question, and for some reason
not shown by the record the objection was sustained,
and this ruling is relied upon as error.    Before the trial
was concluded the court changed its ruling, and informed
counsel that the question might be answered.    The error
occasioned by the ruling, if it was error, was thus obviated.

As respects the damages awarded by the jury, the
amount is fully sustained by the evidence.

As no reason appears for interfering with the judg-
ment, it will be affirmed.              *Judgment affirmed.*