ILLINOIS, IOWA AND MINNESOTA RAILWAY COMPANY

*v.*

FRED J. HUMISTON *et al.*

*Opinion filed February 17, 1904.*

1. EMINENT DOMAIN—*when amount awarded for land taken is not excessive.* An allowance of $380 for 3.8 acres of farm land taken for right of way is not excessive, where five of the six witnesses for the petitioner fixed the value of the land, with improvements, at $100 per acre and the witnesses for the defendant fixed the value at from $120 to $130 per acre.

2. SAME—*when jury's allowance of damages must stand.* The allowance of damages by the jury in a condemnation proceeding, if within the range of the evidence, will stand on appeal, where the evidence is conflicting and the jury viewed the premises.

3. SAME—*jury may resort to inspection in determining the weight to be given to testimony.* Where the evidence as to damage to land not actually taken is in conflict, the jury may resort to an examination of the premises in determining the weight to be given to the statements of the witnesses.

4. SAME—*what not proper evidence on question of damages.* Where the right of way condemned cuts off a triangular strip of small area from the remainder of the farm, it is not competent, on the

question of damages to land not taken, for the petitioner to prove
what it had paid for other three-cornered pieces of land along the
right of way or for damages to the same.

5. Same—*value of land taken is its value as a part of the whole farm.*
The compensation for land taken for right of way across a farm
is properly based upon the value of the land as a part of the entire
farm, including the improvements, and not upon its value as un-
improved land.

APPEAL from the Circuit Court of Kane county; the
Hon. H. B. WILLIS, Judge, presiding.

This is a condemnation proceeding, begun in the cir-
cuit court of Kane county on July 1, 1903, by the filing of
a petition by the appellant company against appellees
to condemn, under the statute in regard to eminent do-
main, a strip of land of a uniform width of one hundred
feet across the farm of appellee, Fred J. Humiston, to
be used by the appellant for right of way purposes. The
appellee, Fred J. Humiston, filed a cross-petition, set-
ting forth that he was the owner of the strip of land
described in the petition, but that said strip was a part
of cross-petitioner's farm, consisting of 273.053 acres
lying contiguous to the strip described in the petition;
and the petition asked that the cross-petitioner be given
damages for the injury, loss and damage, caused by the
location and construction of the road to the remainder
of his farm. There was a stipulation, that the petitioner
would construct fences along the strip, and maintain
the same; that it would construct a farm railway-grade
crossing across the strip, when it should lay its rails, and
at such point as appellee or his assigns might desig-
nate, and would always maintain such crossing; that it
would not disturb the fences upon the land, sought to
be condemned, during the time of grading the railway,
except so far as might be necessary, and would re-place
said fences after the grading of the railroad, and allow
same to remain, until it should lay its rails and construct
the first above named fences; and that said stipulation,

and the agreements therein, should be made a part of the judgment, rendered in the cause and should be a covenant running with the land.

The cause was tried before the court, and a jury. Witnesses were examined, and the jury made a personal inspection of the premises. The jury returned a verdict, finding the sum of $380.00, as just compensation for the taking of the strip of land one hundred feet wide, and finding the sum of $1000.00, as the damages to the remainder of the land, adjacent to the strip, and described in the cross-petition, resulting from the location, construction, operation and maintenance of the railroad. Judgment was rendered in accordance with the verdict; and the present appeal is prosecuted from such judgment.

Murphy & Alschuler, for appellant.

Raymond & Newhall, (Robert S. Egan, of counsel,) for appellees.

Mr. Justice Magruder delivered the opinion of the court:

It is first insisted, on the part of the appellant company, that the amount, allowed as compensation for the land taken, was excessive. The quantity of land, taken from appellees' farm for appellant's right of way, was 3.8 acres. In allowing $380.00 for the land thus taken, the jury fixed the value of the land at $100.00 per acre. We are unable to see why the amount thus allowed was not fair and just to the appellant company, and authorized by the clear preponderance of the evidence.

The main question as to the value of the land taken was a question of fact to be determined by the jury upon the evidence. The appellant company introduced six witnesses as to the value per acre of the land taken for the right of way; one of these witnesses fixed the value of the land without the improvements at $75.00 per acre,

and the five other witnesses fixed the value of the land with the improvements at $100.00 per acre. Appellees also introduced six witnesses, who fixed the value of the land, including improvements, at from $120.00 to $130.00 per acre. The jury appear to have adopted the valuation, given by the great majority of the witnesses introduced by the appellant, and, if the verdict is to be set aside because the amount allowed as compensation for the land taken is excessive, the testimony of appellant's own witnesses upon the value of the land would have to be disregarded.

It is true that the valuation, as fixed by the witnesses of appellees, was higher than the valuation fixed by the witnesses of appellant, and if, notwithstanding the fact that the jury adopted the valuation fixed by appellant's witnesses, the testimony upon the subject of valuation is to be regarded as conflicting, still there would be no just ground for disturbing the judgment. This is so, for the reason that the jury made a personal examination of the premises; and we have held that the damage, awarded by a jury in a condemnation proceeding, will not be disturbed where the evidence is conflicting, and the jury view the premises. (*Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co.* 174 Ill. 547, and cases cited; *Sexton* v. *Union Stock Yards Co.* 200 id. 244; *Guyer* v. *Davenport, Rock Island and Northwestern Railway Co.* 196 id. 370).

Counsel for appellant claim that the evidence showed sales of property in the neighborhood of the land in controversy at much less sums per acre than $100.00, and that the value of the property taken should have been fixed with reference to the amounts of such sales. If this were so, the testimony of appellees showed that there were at least two sales within a recent period of property similarly situated in the same neighborhood, at $125.00 and $127.50 per acre. But while it is true, that a witness may base his opinion as to value upon the fact that sales have been made at a certain figure in the neighborhood

of the property in controversy, yet such fact is only one of the grounds, upon which a witness may base his opinion of value. The fact of sales is not always the only factor in determining the weight of the testimony of a witness as to value. A witness may, in forming his opinion, consider the uses and capabilities of the property, as well as the prices at which like property in the neighborhood has been sold. He may also base his opinion of value upon his knowledge or observation of the growth and development of towns and cities, a general knowledge of trade and business, rental value, the interest which the land would pay upon an investment, its productiveness, ease of cultivation, its situation in a particular community, and other elements. (*St. Louis, Vandalia and Terre Haute Railroad Co.* v. *Haller,* 82 Ill. 209; *Chicago and Evanston Railroad Co.* v. *Blake,* 116 id. 163; *Chicago, Burlington and Northern Railroad Co.* v. *Bowman,* 122 id. 595).

It is also claimed by counsel for appellant, that the award of $1000.00, as damages to the balance of the farm not taken, was excessive. Upon this branch of the case there was more conflict among the witnesses than there was as to the value of the land actually taken. Most of the witnesses introduced by the appellant stated, that there was very little, if any, damage done to the land not taken, while the witnesses for the appellees fixed the damages to the balance of the farm not taken at figures all the way from $800.00 to $1500.00. The proof showed that the right of way passed diagonally through the south-west corner of appellees' farm, leaving south of the right of way a long, triangular-shaped piece of ground, containing about seven acres, separated entirely from the balance of the farm. Witnesses of appellant testified that the triangular piece of land thus cut off was damaged, by reason of its being cut off from the balance of the farm, at from $25.00 to $40.00 per acre, while witnesses for the appellees testified that such triangular piece would be damaged to the amount of from $700.00

to $900.00, and that the balance of the farm would be damaged from $800.00 to $1500.00. Many of the witnesses based their opinion as to the damage thus done upon the inconvenience of access to the triangular piece, the inability to cultivate it, and the difficulty of carrying on a farm with such a triangular piece separated from the rest of the farm. But the damage, done to the triangular piece thus cut off, was merely a part of what was shown to be the damage to the whole of the balance of the farm and was included in the latter. In fixing the amount of damage to the balance of the farm not taken at $1000.00, the jury followed the average amount fixed for such damage by the appellees' witnesses, and did not follow the testimony of the appellant's witnesses to the effect that there was no damage to the land not taken, but we see nothing to indicate that the jury were governed by passion or prejudice. They saw the witnesses and heard them testify and examined the premises; and, the evidence having been conflicting upon this branch of the case, they had a right to resort to the results of their examination or inspection of the premises in determining the weight to be given to the various statements of the witnesses.

Counsel for appellant complain because the court refused to allow them to introduce proof to show generally how the value of other farms was affected, where three-cornered pieces thereof were cut off by the running of highways or railways through the farms. How other farms than the one in controversy were thus affected was immaterial in determining the amount of damages done to the farm of appellees. Such testimony was improper, because there was nothing to show that these other three-cornered pieces were similarly situated to the farm in question, nor did it appear whether they had a value in connection with some other farm. (*Chicago Terminal Railroad Co.* v. *Bugbee*, 184 Ill. 358). As was said in the *Bugbee case, supra,* the substance of such evidence is remote and

speculative, as affecting the issues involved. So far as appellant proposed to prove the price, which it paid for other three-cornered pieces of land along the right of way, or for damages to the same, such testimony was incompetent, and there was no error in denying its admission. (*Peoria Gas Light Co.* v. *Peoria Terminal Railway Co.* 146 Ill. 372; *Lanquist* v. *City of Chicago,* 200 id. 69; *Kiernan* v. *Chicago, Santa Fe and California Railway Co.* 123 id. 188).

Counsel for appellant complain of the fifth instruction, given for appellees by the trial court, which told the jury that they would have a right to award, as the measure of damages, the fair cash value of the part taken as a part of the whole farm. It was the duty of the jury to award appellees compensation in dollars and cents for the fair market value of the land proposed to be taken, having regard to location and advantages as to situation, and the purposes for which it was designed and used; and we have held that, where but a part is taken, and the part taken is of greater value in connection with the whole than as a separate parcel, the measure of damages will be the fair cash value of the part taken as a part of the whole. (*Chicago and Evanston Railroad Co.* v. *Blake,* 116 Ill. 163; *Chicago, Burlington and Northern Railroad Co.* v. *Bowman,* 122 id. 595; *Conness* v. *Indiana, Illinois and Iowa Railroad Co.* 193 id. 464). That is to say, if the 3.8 acres of land, which were taken, would be more valuable as a part of the farm than simply as 3.8 acres of land, the jury would be authorized to give the appellees the benefit of the greater value. As we understand the position of counsel, they do not deny that such is the law under the decisions of this court, nor do they claim that the fifth instruction given for the appellees is erroneous, so far as it announces the law upon this question. But counsel complain that proof, which they sought to introduce, showing the value of the farm without the improvements upon it, was refused admission by the court. The witnesses for appellant testified that the improve-

ments upon the farm were worth from $3000.00 to $3500.00, while appellees' witnesses testified that the improvements were worth from $1000.00 to $1500.00. It is said that, while the jury had a right to award, as compensation, the value of the land taken as a part of the farm to which it belonged, yet its value was thus to be determined as a part of the farm without the improvements, and not as a part of the farm with the improvements. We see no reason for this distinction. The improvements upon the farm consisted of the farm house, the stables and out-houses, the fences, etc. Where the vacant land embraced in the farm was necessarily used and occupied in conjunction with the improvements thereon, and, by reason of so being used and occupied, had a value as an entirety over and above the value of the bare land, the owner of the land would have the right to the value of the part sought to be taken, as used and occupied in connection with the whole farm. In other words, the strip of land, sought to be taken for a right of way, has a special value to the owner in connection with the whole of the farm with the improvements upon it, which is greater than the mere value of the bare land without the improvements. If, however, this were not so, the value of the land, as fixed by appellees' witnesses, after deducting the value of the improvements, would not have been greater than the valuation fixed by the jury, and by the majority of appellant's witnesses, that is to say, $100.00 per acre.

We find no error in the record, which would justify us in reversing this judgment. Accordingly, the judgment of the circuit court of Kane county is affirmed.

*Judgment affirmed.*