THE ILLINOIS, IOWA AND MINNESOTA RAILWAY COMPANY

*v.*

MARTIN RING.

*Opinion filed December 20, 1905.*

1. EMINENT DOMAIN—*when amount of a condemnation verdict will stand.* An allowance of compensation and damages by the jury in a condemnation case, if within the range of conflicting testimony, will not be disturbed on appeal, where the jury viewed the premises and there is nothing in the record showing that the jury was prejudiced or that the amount is grossly wrong.

2. SAME—*danger of fire from passing engines may be an element of damage.* A witness testifying in a proceeding to condemn farm land for a railway right of way may base his opinion as to damages partly upon the element of danger from fire caused by sparks from locomotives.

3. APPEALS AND ERRORS—*errors not assigned cannot be reviewed.* Alleged error in overruling a demurrer to a cross-petition in condemnation cannot be reviewed, where the action of the court in overruling the demurrer is not assigned as error.

APPEAL from the County Court of Will county; the Hon. A. W. DESELM, Judge, presiding.

This was a condemnation proceeding begun in the county court of Will county by the filing of a petition by the appellant company, against the appellee, to condemn, under the statute, a strip of land one hundred feet in width across the eighty-acre farm owned by appellee. The strip of land as located by appellant runs lengthwise and diagonally across the eighty acres of land by beginning on the north line of the tract where the west line of the said right of way is one hundred and ninety-six feet from the north-west corner of the said tract, then running partly on a curve to the southeast corner of the tract, so that the east line of the right of way is thirty-nine and one-half feet from the said southeast corner, dividing the eighty acres, lengthwise, into two irregular, triangular-shaped pieces of land, one of which contains about forty-five and one-half acres and the other

twenty-eight acres. The cause was tried before the court and a jury. The jury made a personal inspection of the premises, and returned a verdict finding the sum of $1189.50 as just compensation for the six and one-half acres of land taken and finding the sum of $3197.25 as damages to the remainder of the land adjacent to the strip taken. Judgment was rendered in accordance with the verdict, and this appeal is prosecuted to reverse that judgment.

Eddy, Haley & Wetten, and J. L. O'Donnell, (C. H. Pegler, of counsel,) for appellant.

C. W. Brown, Coll McNaughton, and P. Shutts, for appellee.

Mr. Justice Ricks delivered the opinion of the court:

The principal contention of appellant is that the damages are excessive. It will be seen from the statement of the case that the amount of damages allowed for the land taken amounted to $183 per acre for the six and one-half acres. The evidence discloses that the land was worth from $120 to $200 per acre, some of the witnesses testifying that the land was worth from $200 to $300 per acre. The amount of the damages was within the range of the evidence, which was all that was necessary. And as to the damages to the land not taken, the jury fixed the price at $43.50 per acre. Eleven witnesses testified for appellee as to the damages to the remainder of the land, the lowest being $55 and the highest $80 per acre, the balance of the witnesses ranging in amounts between the two. The amount found by the jury to be the actual damages was less than the lowest estimate placed upon the land by any witness for appellee. We have repeatedly held that allowances for damages by a jury in a condemnation proceeding, if within the range of the evidence, will not be disturbed, on appeal, where the evidence is conflicting and the jury viewed the premises. (*Illinois,*

*Iowa and Minnesota Railway Co.* v. *Humiston,* 208 Ill. 100, and cases cited.) This court will not disturb the finding of the jury under such circumstances unless we can say from the record that the jury were prejudiced and unfair in reaching their conclusion or that the amount found is grossly excessive for the land taken and damaged. No such condition exists in this record. The verdict of the jury is in accord with the evidence in every respect, and it would be unwise for this court to undertake, as an abstract proposition of law, to determine what the amount of damages would be upon a condemnation proceeding, without having an opportunity to see and inspect the premises. All we have to go by is the evidence as it appears in the record, and if we find that the judgment is reasonable and sustained by the evidence it is our duty to sustain the verdict of the jury.

It is next insisted that it was error in permitting the witness Baker to testify as to the element of damages that might arise from fire that might be emitted from the engines in use on said road. Other witnesses testified to substantially the same as did the witness Baker, but no objection was made or exception taken to their testimony. The witness testified that one of the things he took into consideration as to the determination of the market value of the land was the danger from fire. We think that the evidence was proper, as it is competent for witnesses to give their opinion as to the state of facts upon which they base their opinion, and we see no good reason why the probabilities of fire from passing trains should not be shown by the evidence to be an element of damages that may be taken into consideration. *Chicago, Paducah and Memphis Railroad Co.* v. *Atterbury,* 156 Ill. 281.

It is next urged that counsel for appellee, in addressing the jury, made improper remarks. But upon objection by counsel for appellant the remarks objected to were either at once withdrawn or modified, and we are unable to see how the jury could have been prejudiced by the remarks.

It is next urged that a demurrer which was filed to the appellee's cross-petition should have been sustained. The demurrer was overruled but the ruling of the court is not assigned as error, and appellant abode the ruling of the court on the demurrer. Under this condition of the record we are not at liberty to decide this question, as only errors that are assigned can be reviewed by this court.

After a careful examination of the record we find no error which would justify us in reversing the judgment. The judgment of the county court of Will county is accordingly affirmed.                          *Judgment affirmed.*