## STATE v. CARPENTER et al.

### No. 1282.

Court of Civil Appeals of Texas. Waco.

Nov. 25, 1932.

Rehearing Denied Dec. 29, 1932.

John McNamara, W. L. Eason, and Sam Dardnne, all of Waco, for the State.

Bryan & Maxwell, W. V. Dunnam, Stansell Bryan, and Sleeper, Boynton & Kendall, all of Waco, for appellees.

GALLAGHER, C. J.

This appeal is prosecuted from a judgment of the county court at law of McLennan county in favor of the state of Texas, acting by and through the commissioners' court of said county, condemning 8\%$_{100}$ acres of land for highway purposes and awarding to R. B. Carpenter and wife, Irene Carpenter, owners of the land, and the Union Central Life Insurance Company, the holder of a lien thereon, the sum of $803 as compensation for the land taken and the further sum of $3,477 as damages to the remainder of the tract of which the land so taken formed a part. Appellees admitted in open court that all the preliminary proceedings to and including the award of the commissioners were regular; that appellant had the right to condemn and take said land for highway purposes; that it had paid the amount of such award into the registry of the court; that it had filed its objections and exceptions to the award in due time and in the manner required by law; and that the only issue involved was the damages to be awarded them as compensation. The court, at the close of the testimony, submitted the case to the jury on special issues, which issues with the answers of the jury thereto were as follows:

"No. 1: What do you find, from a preponderance of the evidence, was the reasonable market value, per acre, of the 8\%$_{100}$ acres of land on the right of way of the Carpenter farm on July 14th, 1931? Answer: $100.00 per acre.

"No. 2: Do you find, from a preponderance of the evidence, that the market value of the remainder of the R. B. Carpenter farm has been reduced by reason of the condemnation of the 8\%$_{100}$ acres of said land? Answer: Yes.

"No. 3: What amount, in dollars and cents, do you find, from a preponderance of the evidence, that the remainder of the R. B. Carpenter farm will be reduced in market value by the condemnation of the 8³⁄₁₀₀ acres of land, if any? Answer: $3,477.00.

"No. 4: Do you find from a preponderance of the evidence, if any, that the remainder of the said R. B. Carpenter farm not taken will sustain special benefits by reason of the condemnation of the 8³⁄₁₀₀ acres of said land? Answer: No.

"No. 5: From a preponderance of the evidence, what do you find will be the increased market value, in dollars and cents, of the remainder of the R. B. Carpenter farm not taken, if any, by reason of the condemnation of the 8³⁄₁₀₀ acres of said land? Answer: ———."

The court rendered judgment in accordance with said verdict. The state has appealed.

### Opinion.

■ Appellant presents assignments in which it contends that the court erred in defining "market value" as used in special issue No. 1 above quoted. Said definition was as follows: "In connection with special issue No. 1, you are instructed that the market value of the 8³⁄₁₀₀ acres of land within the right of way is not the market value of said land taken for right of way purposes when considered by itself alone, but is its market value as a part of the entire tract of which it forms a part."

Appellant objected to said definition on the ground that it erroneously permitted the court to consider the value of improvements on the entire tract in determining the market value of the strip of land taken. The testimony showed that appellee Carpenter owned a farm consisting of 240 acres; that 200 acres thereof were in cultivation and the remainder in pasture; that certain improvements were situated thereon, consisting of a ten-room residence, two tenant houses, and a number of other buildings appurtenant to said respective dwellings. The land taken consisted of a strip of irregular width running across said farm at an angle and dividing both the cultivated and pasture lands into two parts. A map showing the outline of the farm and the shape and location of the strip taken was introduced in evidence, but is not contained in the record. Some minor improvements were located on the strip taken but appellees were permitted to remove the same. The court in said issue properly invoked a finding by the jury of the market value of the strip of land actually taken. The market value of property includes its value for any use to which it may be put. Where it has a special value by reason of the use to which it is actually appropriated, such value may be shown and included in the compensation awarded the owner.

Boyer & Lucas v. St. L. S. F. & T. Ry. Co., 97 Tex. 107, 109, 76 S. W. 441. The strip of land actually taken in this case constituted a part of a reasonably large and well-improved farm. If it had a greater value as a part of such farm than it would have, considering its size, shape, and location, if segregated therefrom and constituting an isolated tract of unimproved farming land, appellees were entitled to such enhanced value. Caruthers v. Johnson County (Tex. Civ. App.) 94 S. W. 912. The definition of "market value" given by the court in connection with such issue has been expressly approved by the courts in this state, and is in accord with the authorities elsewhere. Routh v. Texas Traction Co. (Tex. Civ. App.) 148 S. W. 1152, 1153, par. 5; San Antonio, U. & G. R. Co. v. Bobo (Tex. Civ. App.) 163 S. W. 377, 379, par. 2; Illinois, I. & M. Ry. Co. v. Humiston, 208 Ill. 100, 69 N. E. 880, 882; Conness v. Indiana, I. & I. R. Co., 193 Ill. 464, 62 N. E. 221, 225. We do not agree with the contention urged by appellant in this connection that "market value" as so defined includes any part of the improvements situated on the land not taken, nor that the jury were authorized or required by the instruction so given to estimate the value of said strip of land by finding the value of the entire tract and allowing such proportionate part thereof as the number of acres in the strip bears to the acreage in the tract as a whole. San Antonio, U. & G. R. Co. v. Bobo, supra.

■ Appellant presents assignments in which it contends that the finding of the jury in response to said special issue No. 1 that the reasonable market value per acre of the land actually taken was $100 is without support in the evidence. Appellant, in its amended statement upon which the trial was had, alleged that "the reasonable market value of the land taken, at the time of the taking, was not in excess of $100.00 per acre." The statement of facts is in question and answer form, and contains more than 300 pages. Apparently the whole of the same is with reference to the value of the land taken and supposed benefits resulting to the remainder of the tract or injuries inflicted thereon by such taking. No summary of the same is attempted by either party. Appellees introduced testimony with reference to the value of the entire tract with the improvements thereon and also with reference to the value of such improvements. From such testimony the jury could estimate the value of the land taken when considered as a part of the entire tract, though no material improvements were located thereon. Illinois, I. & M. Ry. Co. v. Humiston, supra. The jury, under a proper instruction as to the meaning of the term "market value" as used in the issue submitted, found in response thereto that the market value of the strip so taken was $100 per acre. Such finding is within the range of the testimony introduced

and within the limit of value alleged by appellant in its pleading.

Appellant presents assignments in which it contends that the court erred in giving a special instruction with reference to the particular matters or elements of damage which they might consider in answering special issues 2 and 3, as above quoted, which issues inquired whether the remainder of appellees' land was damaged by the taking of said strip, and, if so, the amount of such damage. Said special charge was as follows: "In connection with special issues Nos. 2 and 3, you are instructed that in determining the amount of damages, if any, sustained by defendants, to the remainder of said land, by reason of the taking of the 8$\frac{3}{100}$ acres of land of same, you may take into consideration the reasonable cost of the construction of fences made necessary by the construction of said road, if any (the increased cost and inconvenience to said defendants in the cultivation of said land, if any, the inconvenience arising from the division of the property, if any, and the increased difficulty of access thereto) if any, the reasonable cost and inconvenience, if any, of the construction of culverts made necessary by the construction of said highway, if any, the reasonable cost and inconvenience resulting from the relaying and reconstruction of water lines, if any, the reasonable cost of removing and re-establishing improvements from the right of way, if any, and you may consider any other fact in evidence before you, if any, which may affect the convenient use and future enjoyment of the defendants of their property, if any, but these matters can only be considered by you as affecting the market value of the land, if they do affect it."

Appellant's objection thereto was as follows: "The plaintiff objects and excepts to the paragraph of the court's charge following special issue No. 3, because it is on the weight of the evidence and because it emphasizes certain evidence and certain issues of fact; and because it gives prominence to certain evidence and certain issues, and because it is a comment on the weight of the evidence; and because it singles out a certain portion of the evidence and directs the jury's attention thereto; and because same is an incorrect proposition of law as well as an incorrect application of law to the facts of this case."

The measure of damage in a civil case is always a question of law, which it is proper for the court to explain or define in his charge or embody in some effective form in the issues submitted to the jury. Speer's Law of Special Issues, p. 179, § 129, and authorities cited in notes thereto. International-G. N. R. Co. v. Casey (Tex. Com. App.) 46 S.W.(2d) 669, 671, pars. 12 and 13. In certain classes of cases it is proper for the court to instruct the jury what elements they may consider and what elements they must exclude from their consideration in estimating damages. Speer's

Law of Special Issues, p. 179, § 128; 13 Tex. Jur. p. 459, § 267, and notes. Such rule is applicable in condemnation proceedings. Beaumont & G. N. R. R. v. Elliott (Tex. Civ. App.) 148 S. W. 1125, 1126, par. 4, and authorities there cited; City of San Antonio v. Fike (Tex. Civ. App.) 211 S. W. 639, 641, par. 4; Id. (Tex. Civ. App.) 224 S. W. 911, 912, par. 4. The charge complained of is not upon the weight of the evidence, as contended by appellant. That part of appellant's objection which assails said charge as an incorrect proposition of law, and an incorrect application of the law to the facts is too general for consideration, and will not support assignments of error based thereon. Chase Bag Company v. Longoria (Tex. Civ. App.) 45 S.W.(2d) 242, 244, pars. 4 to 6, inclusive, and authorities there cited; Baker Company v. Turpin (Tex. Civ. App.) 53 S.W.(2d) 154, 157, par. 5; Scruggs v. Dean (Tex. Civ. App.) 47 S.W.(2d) 378, 379, par. 3.

Appellant presents assignments in which it contends that the court erred in giving a special instruction with reference to the particular matters or elements of damage which they should consider or exclude from consideration in answering special issues 4 and 5, which issues inquired whether the remainder of appellees' land sustained special benefits by reason of the taking of said strip, and, if so, the amount or value of such benefits. Said special charge was as follows: "You are instructed, in connection with Special Issues Nos. 4 and 5, that in determining the special benefits, if any, sustained by defendants to the remainder of said land not taken by reason of the condemnation of the 8$\frac{3}{100}$ acres of said land, you may take into consideration any benefits, if any, sustained to the owner of said land by reason of improved drainage of his property, if any, and any benefits, if any, which the owner may have sustained, or received, by reason of the enhancement in value of his farm by reason of said highway crossing the same, which enhancement, if any, would not be received, or sustained, in common with the community generally, but you will not take into consideration benefits, if any, on account of the mere convenience or accessibility, if any, of said highway as a mode of travel, which could be enjoyed and received in common with the community generally, but these matters can only be considered by you as affecting the market value of the land, if they do affect it."

Appellant objected generally to said charge, and particularly to that part thereof which told the jury, "but you will not take into consideration benefits, if any, on account of the mere convenience or accessibility of said highway as a mode of travel," on the ground that convenience and accessibility to the highway were benefits that could be considered in determining the increased market value, if any, of appellees' land. We must, of course, in

passing upon said objection, consider the charge as a whole. Such consideration discloses that the court told the jury in that connection, in substance, that they might consider, in determining the issues submitted, benefits, if any, sustained by appellees in the way of enhancement of the value of the remaining tract by reason of the fact that the highway crossed the same, which enhancement, if any, was not received or sustained in common with the community generally, and that he limited the clause complained of by appellant in said objection by adding thereto the words, "which could be enjoyed and received in common with the community generally." Appellant relies in support of its contention upon the case of Goldforb v. Gulf, C. & S. F. Ry. Co. (Tex. Civ. App.) 243 S. W. 707, and other authorities of like import. In that case the railroad laid a switch track up a street and equipped the same with spur tracks running within a few feet of the sidewalk in front of property abutting on both sides of the street, the effect of which was to render all such abutting property immediately accessible to railroad trackage and therefore available for various business purposes. Appellant owned one of such abutting tracts, and sued for damages which he claimed resulted to such property on account of the construction of such tracks. The court held that the enhanced value of his tract of land resulting from the construction of such tracks, which made the same available as trackage property, constituted a special benefit, which could be considered by the jury as an offset to any injury to such property thereby, notwithstanding a like benefit resulted to other property which in like manner abutted on said street. The opinion in that case contains excerpts from the text of both Corpus Juris and Ruling Case Law. Such excerpts both refer to the benefits received by property abutting upon a street or highway as illustrations. The court, as recited above, told the jury that in estimating benefits they might take into consideration any enhancement in value of appellees' land by reason of the fact that the new highway crossed the same which was not received or sustained in common with the community generally. This was an express recognition of the rule announced in the authorities relied on by appellant, and such benefits are by such charge properly distinguished from the right or privilege of access to or travel over the highway when constructed such as was available to the public generally as well as to appellees as abutting property owners. The ultimate decision as to what constituted special and what constituted community benefits was by said charge left to the jury. 16 Tex. Jur. p. 1014, § 332, and authorities there cited. We do not think that an ordinary juror, considering said charge as a whole, would have any difficulty in understanding the rules to be applied in determining whether appellees' land received an enhancement in value by reason of the laying out and construction of said highway across the same.

Appellant presents assignments of error in which it complains of other charges given in that immediate connection, as follows:

"You are further instructed that when only a portion of a person's real estate is condemned, it is the duty of the jury trying the case to estimate the injuries sustained and benefits received thereby, by the owner, as to the remaining portion of such real estate, if any, whether such remaining portion is increased or diminished in value by such condemnation, and the extent of such increase, or diminution, and assess the damages accordingly."

"In estimating either the injuries or benefits, as mentioned in the preceding paragraph, those injuries or benefits which the owner of such real estate sought to be condemned, sustains or receives, in common with the community generally, and which are not peculiar to him and connected with his ownership, use and enjoyment of the particular parcel of land, shall be altogether excluded from such estimate."

Appellant objected to each of said charges on the ground that they were general, and therefore improper, the case being submitted on special issues, and because the same presented abstract propositions of law not applied to the facts of the case. The charges complained of appear to have been copied verbatim from the charge given by the trial court in Houston Lighting & Power Company v. Daily, 291 S. W. 317. The Court of Civil Appeals held in that case that the giving of said charges constituted no ground for reversal, and the Supreme Court dismissed an application for writ of error for want of jurisdiction. See, in this connection, Speer's Law of Special Issues, p. 159, § 114, and authorities cited in notes thereto.

Appellant presents an assignment of error in which it contends that the county court at law never acquired jurisdiction to hear and determine the issues raised by the pleadings or render judgment herein. This contention is based on the fact that the special commissioners appointed to assess appellees' damage filed the written decision or award made by them with the clerk of the court, instead of filing the same with the judge thereof. The statute (Rev. St. 1925, arts. 3265, subd. 5, 3266, subds. 6, 7) provides, in substance, that such decision or award shall be filed with the judge, that either party dissatisfied therewith may, within ten days after the same has been filed with him, file objections thereto, and that thereupon the adverse party shall be cited and the case tried and determined as other civil cases, but that, if no such objections are filed within ten

days, the judge shall cause said decision or award to be recorded in the minutes of the court, render judgment thereon, and issue necessary process to enforce the same. Appellant was, of course, in effect, the plaintiff in instituting and prosecuting these proceedings. It might have waited until the award of the commissioners was filed with the county judge, and it would have had ten days thereafter in which to file its objections thereto. · Sinclair v. City of Dallas (Tex. Civ. App.) 44 S.W.(2d) 465, 466. Such attitude, however, would have delayed further prosecution of the proceedings during such period of waiting. Appellant apparently elected to waive the irregularity in the filing of the award of the commissioners, because ·within five days after such filing it filed also with said clerk its amended statement and objections to the award. Such proceedings having been given a number and entered upon the docket of the court as a civil case, the parties proceeded to trial thereof before the judge of said court, and he rendered therein the judgment presented for review by this appeal. Such proceeding was in accord with the provisions of the statute above quoted, and no suggestion of irregularity on account of such filing was made prior to the judgment. Appellant's objection appears to have been presented for the first time in its motion for a new trial. We agree with the holding of the trial court that the jurisdiction thereof over the subject-matter of this proceeding was not affected by such irregularity, that appellant has waived the same, and is estopped to complain thereof.

■ Appellant presents an assignment in which it contends that the county court at law of McLennan county has no lawful jurisdiction over condemnation proceedings, and that the judgment rendered herein is therefore void. This identical question was before this court in Acree v. State, 47 S.W.(2d) 907, 908, pars. 1 and 2, and there decided adversely to such contention.

We have considered all the other assignments presented by appellant as ground for reversal, and have reached the conclusion that none of them justify or require such action. The judgment of the trial court is therefore affirmed.