**J. J. LEMMON, Jr., et ux., Relators,**

v.

**Honorable Owen GILES et al., Respondents.**

**No. 15880.**

Court of Civil Appeals of Texas.

Dallas.

Nov. 18, 1960.

Rehearing Denied Dec. 16, 1960.

Earl Luna and Ben Atwell, Dallas, for relators.

H. P. Kucera, City Attorney, Dallas, for respondents.

DIXON, Chief Justice.

With our permission J. J. Lemmon and Margurite Lemmon have filed a sworn application·for writ of mandamus to be ad-

dressed to Honorable Owen Giles, Judge of the County Court at Law No. 1, of Dallas County.

The controversy arose in an eminent domain proceeding in which property owned by relators was taken by the City of Dallas for the construction and operation of a sanitary sewer. In their petition relators pray that we direct Judge Giles to set aside his order dismissing relators' objections to a commissioners' award; and, further, that we direct Judge Giles to proceed with a trial on the merits as to the amount of damages sustained by them because of the taking of their property.

The City of Dallas contends that Judge Giles properly dismissed relators' motion since relators did not file their objection within the ten days required by Art. 3266, subds. 6 and 7, Vernon's Ann.Civ.St.

The record shows that on August 2, 1960, Judge Giles signed an order appointing commissioners to determine the just compensation due relators for the taking of their land.

On August 25, 1960 the commissioners returned an award of $850 as the amount of relators' damages. A copy of the award was given to the relators' attorneys. An obvious clerical error appears on the face of the written award as signed and filed by the commissioners, for the instrument recites that the commissioners' hearing was held August 25, 1969.

Another error, more serious, also occurs in the written instrument. Above the signature of the three commissioners there is this recitation. *"Dated, signed and filed with the Judge of the County Court of Dallas County at Law No. 1, this the 25th day of August, A. D. 1960"*. (Emphasis ours.) Notwithstanding the above recitation the award was not filed with the Judge of the County Court of Dallas County at Law No. 1 on August 25, 1960, or at any other time. On that date Judge Giles was not present at the Court House, but was away on his vacation. The award had still

not been filed with Judge Giles up to the time relators' application for mandamus was filed in this Court on October 5, 1960.

What actually occurred was that on August 25, 1960, the commissioners filed their award with Honorable Julien Hyer, Judge of the County Court of Dallas County at Law No. 2. The file mark appearing on the outside of the written award is as follows: "Filed With Me This 8/25/60, Julien C. Hyer, Judge County Court of Dallas County at Law No. 2, sitting for Judge of County Court of Dallas County at Law No. 1, Dallas County, Texas."

On the same day the instrument was also filed with the County Clerk of Dallas County, as is shown by the file mark of that officer.

In their sworn petition relators say that they were not notified that the award had been filed with Judge Hyer. It was on September 9, 1960 that relators discovered that the award had been filed with Judge Hyer, of the County Court at Law No. 2, and discovered also that on September 9, 1960, Judge Owen Giles, of the County Court at Law No. 1, had entered an order making the commissioners' award the judgment of the court.

On Saturday, September 10, 1960, relators, through their attorneys, went to the home of Judge Giles, and presented their objections to the award. On the written objections Judge Giles made a notation to the effect that the objections had been presented to him with the request that they be filed; and that he would take the matter under advisement until Monday September 12, 1960 in order to give notice to the City of Dallas.

On September 14, 1960 relators filed a motion with Judge Giles to set aside his order of September 9, 1960 making the commissioners' award the judgment of the court. The City of Dallas filed an answer contesting the motion. On September 16, 1960 Judge Giles dismissed relators' motion for want of jurisdiction on the ground that

relators had not filed their objections within ten days after the filing of the commissioners' award, as required by Art. 3266, subds. 6 and 7, V.A.C.S.

## Opinion.

We have concluded that the position of relators is well taken and that we should grant the petition for mandamus.

■ The order of Judge Giles of September 9, 1960 approving the award of the commissioners and making it "the judgment of the court" as provided by Art. 3266, subd. 7, V.A.C.S., is not an appealable order, nor is the order dismissing relators' motion to set aside the order of September 9, 1960. Both orders were administrative acts in which Judge Giles was still acting in his capacity as an administrative officer, not in his capacity as the Judge of a court acting in his judicial capacity. An eminent domain proceeding does not become a civil case pending in a court until a party to the proceedings has filed his objections to the commissioners' award. Pearson v. State, Tex., 315 S.W.2d 935; Henderson v. Texas Turnpike Authority, Tex.Civ.App., 308 S.W.2d 199; Hardy v. City of Throckmorton, Tex.Civ.App., 62 S.W.2d 1104, (opinion on rehearing).

■ A party who is aggrieved by the judge's failure to proceed in accordance with established rules of law after the commissioners have made their award, may seek relief by mandamus or by direct action. Pearson v. State, supra [315 S.W.2d 937].

In the above named case our Supreme Court said: " * * * there is no provision authorizing an appeal from a judgment entered on the award. * * * If the proceedings are regular through the commissioners' decision, a party who is aggrieved by the county judge's refusal to proceed or by the entry of a judgment that does not conform to the award has his remedy by a mandamus proceeding to compel the entry of judgment in accordance with the award. Questions pertaining to irregularities which might render the award or judgment void can be determined in such a proceeding as well as in a direct action to set aside the judgment, but could never be properly considered in an appeal from the judgment."

In this case the proceedings appear to have been regular through the commissioners' decision, but the irregularity occurred thereafter when the award was not filed with Judge Giles, as it should have been pursuant to Art. 3265, subd. 5, V.A.C.S.

Relators first attempted to have the irregularity corrected in a direct action. They filed a motion with Judge Giles to set aside his order making the award the judgment of the court. But Judge Giles dismissed their motion. Mandamus thus became their only recourse.

The City of Dallas contends that the filing of the award with Judge Hyer of the County Court at Law No. 2, was sufficient; or if that was not, then the filing of the award with the County Clerk was sufficient. We are unable to agree with the City.

■ Art. 1970-27, V.A.C.S. provides that the Judge of the County Court of Dallas County at Law No. 1, and the Judge of the County Court of Dallas County at Law No. 2, *may hold court* for or with one another. It is to be noted that the statute does not authorize the one judge to act for the other judge in his capacity as administrative officer. Our Supreme Court has held that a condemnation proceeding is not within the general jurisdiction of the county court. The jurisdiction of the court over such matters is special, is statutory, and is limited to that which has been conferred upon it by statute. Pearson v. State, supra, (Syl. 3.) Therefore we hold that since Art. 1970-27 goes no further than to authorize one judge to *hold court* for the other, it does not authorize Judge Hyer to act as administra-

tive officer for Judge Giles in accepting the filing of the award of commissioners who were appointed by Judge Giles.

 We have further concluded that the filing of the commissioners' award with the County Clerk was not a compliance with Art. 3265, subd. 5, V.A.C.S. The statute expressly says that the commissioners' decision and all papers connected with it are to be filed "with the county judge". The County Judge at such time is acting in his administrative capacity, not in his judicial capacity. The filing with the County Clerk is not sufficient to start the running of the ten days limitation provided in Art. 3266, subds. 6 and 7, V.A.C.S. Wallace v. Van Zandt County, Tex.Civ.App., 264 S.W.2d 202; State v. Carpenter, Tex.Civ.App., 55 S.W.2d 219, 223, reversed on other grounds, 126 Tex. 604, 89 S.W.2d 194; Sinclair v. City of Dallas, Tex.Civ.App., 44 S.W.2d 465; 16 Tex.Jur. 702.

The City of Dallas relies on the case of State v. Carpenter, supra. However that case seems to us to support our holding here. In the Carpenter case commissioners' award was filed with the County Clerk, not the County Judge. Nevertheless, the State elected to ignore the irregularity and within five days filed its objections to the award. The case then went on for trial on the merits and a judgment was rendered which was unsatisfactory to the State. The irregularity of the filing of the award with the County Clerk was raised for the first time in the State's motion for a new trial. The court properly held that by filing its objections to the award within five days, the State had waived its right to object thereafter to the irregularity of the filing of the award with the Clerk. But the appellate court in its opinion made a very significant statement. It said "It might have waited until the award of the commissioners was filed with the county judge, and it would have had ten days thereafter in which to file its objections thereto." [55 S.W.2d 219].

The City also relies on Johnson v. City of Dallas, Tex.Civ.App., 78 S.W.2d 265. The case is not in point. In it the appellant contended that the Judge of the County Court at Law No. 2 did not have jurisdiction to appoint commissioners and perform other acts in eminent domain proceedings. No such contention is made here. Relators in this case do not challenge the jurisdiction or authority of Judge Giles to appoint commissioners in condemnation proceedings.

The City relies on other cases, which are easily distinguished from the case now before us. But we shall not further prolong this opinion by a discussion of the cases.

 We hold that the ten days time allowed by Art. 3266, subds. 6 and 7, V.A.C.S. did not start running against relators with the filing of the commissioners' award with Judge Hyer of the County Court at Law No. 2, or with the filing of the award with the County Clerk. Relators could have waited until the award was filed with Judge Giles and for ten days thereafter to file their objections. Of course, they did not have to wait until the award was filed with Judge Giles. They could and did elect to file their objections with Judge Giles on September 10, 1960, though the award still had not been filed with Judge Giles. By so doing relators were in time with the filing of their objections, but have waived their right to object in the future to the irregularity in the filing of the award.

The writ of mandamus will be granted, and Honorable Owen Giles, Judge of the County Court of Dallas County at Law No. 1, will be directed to set aside his order of September 9, 1960 making the award of the commissioners the judgment of the court; and directed further to accept the filing as of September 10, 1960 of relators' objections to the award, and to set the cause down on the court's docket for trial on the merits.