THE CITY OF DALLAS v. HONORABLE DICK DIXON, CHIEF JUSTICE, ET AL.

No. A-8274. Decided March 8, 1961.
(343 S.W. 2d Series 697)

*H. P. Kucera,* City Attorney, *N. Alex Bickley* and *John W. Davidson,* Assistant City Attorneys, for relator.

*Earl Luna* and *Ben Atwell,* of Dallas, for respondent.

PER CURIAM:

The Dallas Court of Civil Appeals in an original mandamus proceeding has ordered the Judge of the Dallas County Court at Law No. 1, to proceed with the trial of a condemnation suit pend-

ing on the docket of said court and to disregard a purported judgment entered on the award of special commissioners in condemnation. Lemmon v. Giles, 332 S.W. 2d 57. The relief now requested in this court by the City of Dallas would require the judge of the Dallas County Court at Law No. 1 to regard the judgment rendered on the commissioners' award as valid and enforceable and prohibit the issuance of the mandate of the Court of Civil Appeals in the case of Lemmon v. Giles.

In a proper case, this court is authorized to issue a writ of mandamus which would conflict with and hence supersede an order of a Court of Civil Appeals, Gulf, Colorado & Santa Fe Ry. Co. v. Muse, 109 Texas 352, 207 S.W. 897, 4 A.L.R. 613. The writ, however, will not issue if the order of the Court of Civil Appeals is in all things proper and correct.

We think the Court of Civil Appeals has correctly analyzed and construed the statutes governing the procedures to be followed in eminent domain proceedings, as well as the statute relating to the power and authority of judges of the Dallas County Court at Law.

Leave to file the application for mandamus and prohibition is accordingly denied. Pearson v. State of Texas, 159 Texas 66, 315 S.W. 2d 935; State v. Carpenter, Texas Civ. App., 55 S.W. 2d 219, 223, reversed on other grounds, 126 Texas 604, 89 S.W. 2d 194.

Opinion delivered March 8, 1961.