Raymond J. ROSE et ux., Appellants,

v.

STATE of Texas et al., Appellees.

No. 15063.

Court of Civil Appeals of Texas,
San Antonio.

May 24, 1972.

Rehearing Denied June 21, 1972.

Gordon L. Hollon, Edward G. Marion, Boerne, for appellants.

Jack B. Peden, Boerne, Edward F. Yarbrough, San Antonio, for appellees.

BARROW, Chief Justice.

Raymond J. Rose and wife, Dolly Rose, have perfected this appeal from a judgment of the County Court of Kendall County signed on October 26, 1971, amending a judgment signed on February 9, 1971, whereby the award of the Special Commissioners in a condemnation action filed by State of Texas and Kendall County against Raymond J. Rose et ux. was made the judgment of the court pursuant to Article 3266, Subdivision 7, Vernon's Annotated Civil Statutes.

A question is raised at the outset as to whether we have jurisdiction to hear this appeal since neither party in said condemnation proceeding filed objections to the award of the commissioners.

The background of this case presents a rather unusual situation. On October 20, 1971 [sic 1970], condemnors filed the original statement in eminent domain seeking to condemn for highway purposes a tract of land containing 0.910 acre of land which was described by metes and bounds. Special Commissioners were appointed, a hearing was had, and on January 4, 1971, an award was made whereby damages in the amount of $7,300.00 were assessed, and State was awarded title to the specifically described 0.910 acre tract of land. No objections were filed by either party, and on February 9, 1971, judgment was entered on this award by the county court where the 0.910 acre tract of land was again described by metes and bounds.

On June 17, 1971, condemnors filed a motion in the county court to amend the judgment of February 9, 1971,[1] wherein it

---

1. It is true that the condemnors filed an amended motion which is erroneously styled "Plaintiff's First Amended Original Petition," however, the introductory paragraph of such instrument expressly designates same as a " . . . motion for an amended judgment in this cause, . . ." Furthermore, petitioners pray " . . .

was alleged that a tract containing 6.852 acres of land was omitted through inadvertence and mistake from the original statement and the commissioners' award as well as the judgment entered thereon, and condemnors sought to amend said judgment to include this second tract. A hearing was had on this motion over condemnees' objections and after hearing evidence relating to what land was considered at the original condemnation proceeding, the trial court entered the judgment complained of wherein both the 0.910 acre tract and 6.852 acre tract were awarded to State.

It is recognized that under Article 3266, Subdivision 7,[2] the county judge makes the commissioners' award the judgment of the court purely as a ministerial act where no objections are timely filed to such award. The question before us is whether the county court assumed jurisdiction by hearing evidence relating to the condemnation hearing, whereby the proceeding became a civil case including the right of appeal.

A similar question was presented in Pearson v. State, 159 Tex. 66, 315 S.W.2d 935, 939 (1958), wherein it was expressly held that " . . . when no timely objections to the award are filed, there is no right of appeal from the judgment subsequently entered in the proceedings even though the same does not conform to the award." In *Pearson,* the county court, after hearing evidence from several witnesses, including one of the commissioners, found that the lessee did not take part in the hearing by the commissioners and that no evidence was there offered as to the value of its interest. The county court then ordered that the entire amount be paid over to the landowner, although the commissioners' award was apparently made to the landowner and lessee. No complaint was there made that the county court judgment had varied the amount of damages awarded by the commissioners.

Here, we have the situation expressly considered by Justice Norvell in his dissenting opinion in *Pearson* in that the amended judgment of the county court does *not* conform to the award of the commissioners. In such dissenting opinion, it was very persuasively reasoned that such judgment would be void as beyond the ministerial power of such court and should be set aside on appeal.[3] Nevertheless, such position was considered and expressly rejected by the majority in *Pearson* wherein it was held: "If the proceedings are regular through the commissioners' decision, a party who is aggrieved by the county judge's refusal to proceed or by the entry of a judgment that does not conform to the award has his remedy by a mandamus

that this Court amend its judgment rendered on the 9th day of February, 1971, so as to embrace in that judgment the 6.852 acres described herein, . . . ." On October 26, 1971, the county court entered its decree which was styled "Judgment of Court Amending Prior Judgment Entered in Absence of Objections." The body of this judgment provides that " . . . said original judgment, dated February 9, 1971, should be amended to include the 6.852 acres of land, more or less, as set out and described in Plaintiff's first amended original motion:". Thereafter both tracts are described by metes and bounds as being part of the award of the Special Commissioners which was being made a judgment in the absence of objections.

It is therefore clear that the trial court, by the judgment of October 26, 1971, amended the judgment of February 9, 1971, to include both tracts. We cannot by the fiction of treating this as "a new suit" reassert the minority view asserted in *Pearson.*

2. "If no objections to the decision are filed within the time prescribed by Subdivision 6 of this Article, the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the court and issued the necessary process to enforce the same."

3. The jurisdiction of the County Court is appellate and it has little jurisdiction to condemn land not described in the statement for condemnation. State v. Nelson, 160 Tex. 515, 334 S.W.2d 788 (1960); Stubblefield v. State, 425 S.W.2d 699 (Tex.Civ.App.—Tyler, 1968, writ ref'd n. r. e.).

proceeding to compel the entry of judgment in accordance with the award. Questions pertaining to irregularities which might render the award or judgment void can be determined in such a proceeding as well as in a direct action to set aside the judgment, but could never be properly considered in an appeal from the judgment." 315 S.W.2d at 939. See also Sanders v. City of Beaumont, 470 S.W.2d 80 (Tex. Civ.App.—Beaumont 1971, writ ref'd n. r. e.); Hale v. Lavaca County Flood Control Dist., 344 S.W.2d 245 (Tex.Civ.App.—Houston 1961, no writ); Lemmon v. Giles, 342 S.W.2d 56 (Tex.Civ.App.—Dallas 1960, writ dism'd), holding approved in City of Dallas v. Dixon, 161 Tex. 618, 343 S.W.2d 697 (1961).

Since there were no timely objections to the award filed herein, there is no right of appeal from the judgment subsequently entered in the administrative proceedings. Accordingly, we have no jurisdiction over this appeal.

The appeal is dismissed.

CADENA, Justice (dissenting).

Whatever the merits of the reasoning which led the Texas Supreme Court in Pearson v. State, 159 Tex. 66, 315 S.W.2d 935 (1958), to the conclusion on which the majority opinion relies, there is no need for this Court to allow itself to be immobilized by the same conceptual straitjacket.

Appellants here did not ask the county judge to set aside an award of the commissioners in condemnation to which they filed no objections. They do not ask this Court to review the purely "ministerial" act performed by the county judge in entering a "judgment" based on the award of the commissioners. Appellants here, as they did in the county court, are defending that judgment.

Here it is the State which, without filing objections to the award of the commissioners, has successfully "appealed" from the final result of the "administrative" process.

In *Pearson,* the majority of the Supreme Court held that a party who is aggrieved by the "judgment" ministerially entered may air his grievances in a mandamus suit or " . . . in a direct action to set aside the judgment, . . . ." 315 S.W.2d at 939. In this case, the State of Texas, without objecting to the award and without making any effort to prevent the entry of the judgment based on such award, filed a "Motion Requesting Court to Amend Its Judgment." This was followed by the filing of an instrument which was captioned "Plaintiff's First Amended Original Petition." In both of these instruments, the State prayed that appellants be served ". . . in the manner and for the length of time required by law, . . . ." and that the court amend its judgment so as to embrace land which was not described in the statement in condemnation, the award of the commissioners, or the judgment based on such award.

It is clear that in these proceedings, initiated after the administrative process had been concluded by the entry of the judgment, the State was not seeking the correction of a merely "clerical" error. Nor is this a case where the court below merely corrected its records because the judgment reflected by the records is not the judgment actually rendered. Under the pleadings in this case, the county judge had no power to enter a judgment embracing land not described in the statement in condemnation filed by the State. The judgment entered by the county judge was the only judgment which could have been entered, insofar as the amount of land taken is concerned. Rayburn, Texas Law of Condemnation, Section 37(2) (1960). This simple fact is true without reference to whether the action of the county judge in entering judgment on the award is described as a judicial or ministerial act.

What we have before us, then, is clearly what the Supreme Court described in Pearson as a "direct action" attacking the "ministerial" judgment previously entered. It is, in fact, a new, separate and inde-

pendent suit. The fact that it was initiated by the filing of a "motion" to "amend" that judgment is immaterial. Nor does the fact that it was filed in the same cause or proceeding as the condemnation proceedings themselves prevent us from recognizing it as a new and independent cause. Cf. Green v. Spell, 191 S.W.2d 92 [Tex.Civ. App.—Beaumont 1945, writ ref'd 144 Tex. 535, 192 S.W.2d 260 (1946)].

Under the facts of this case, I believe that the order of the county court "amending" the judgment entered on the award cannot be regarded as merely a continuation of the administrative process which had come to a conclusion with the entry of such judgment. The order of which appellants here complain is an order entered in a "direct action" assailing the validity of the judgment previously entered. It is, in every sense of the word, a "judicial" act which constitutes an appealable "judgment."