**AMERINE et al. v. DARDEN.**

No. 3289.

Court of Civil Appeals of Texas.
Beaumont.

May 6, 1938.

Rehearing Denied May 18, 1938.

Crawford & Crawford, of Conroe, for appellants.

Geo. B. Darden, of Conroe, for appellee.

WALKER, Chief Justice.

On the 16th day of February, 1934, Annie Nevill, by warranty deed, conveyed to Susie L. Amerine a tract of 50 acres of land out of a tract of 320 acres in Montgomery county, patented to Charles B. Stewart; the consideration for this deed, recited on its face, was six shares of stock in the Marine Bank & Trust Company of Houston, of the par value of $100 per share. After receiving her deed, Mrs. Amerine conveyed a one-fourth undivided interest in the mineral rights in the 50 acres of land to S. A. and T. W. Crawford. Mrs. Nevill died on the 12th day of March, 1935, and T. E. Darden, appellee, was duly appointed administrator of her estate. On the 19th day of February, 1936, appellee, as administrator, instituted this suit against Mrs. Amerine, and S. A. and T. W. Crawford. For cause of action, he alleged certain acts of fraud against Mrs. Amerine in procuring the deed, and that Mrs. Nevill did not have mental capacity to execute the deed, and that the Crawfords bought with knowledge of the fraud and of the want of mental capacity on the part of Mrs. Nevill. The issues made by appellee's petition and by defendants' answer were submitted to the jury. Answering these issues the jury found the following facts: "At the time the trade was made" and at the time Mrs. Nevill executed her deed, Mrs. Amerine represented to Mrs. Nevill "that the six shares of stock in the Marine Bank & Trust Company were worth dollar for dollar and was as good as gold"; that Mrs. Nevill "relied and acted upon said representation"; that "at the time the trade was made" and the deed executed and delivered to Mrs. Amerine, the six shares of stock were worthless; that S. A. and T. W. Crawford took their deed from Mrs. Amerine, knowing of her representations to Mrs. Nevill, and that they knew, or "by ordinary care should have known," "that said stock was not worth dollar for dollar and as good as gold"; that, on the date she executed her deed, Mrs. Nevill "was incapable of understanding the nature and effect of her transaction," and that the Crawfords, at the time they took their deed, should have known of her mental condition; that, in the sale of the land by Mrs. Nevill, she was not represented by her son, Chris Nevill; and that Mrs. Amerine, before the deal was closed, did not go to Chris Nevill's home and show him and his wife the six shares of stock and tell him and his wife

"to make any investigation they wanted to about the same." The jury rendered a negative answer to the following special issue requested by the Crawfords: "Do you find by a preponderance of the evidence that S. A. Crawford and T. W. Crawford rendered valuable services for the conveyance of One-fourth (¼) of the Minerals, by Mrs. Susie L. Amerine in the fifty (50) acres of land in controversy in this suit and that said services were rendered at the instance of Mrs. Amerine?"

Appellee pleaded that he tendered the six shares of stock back to Mrs. Amerine. On that issue the court found: "It is the opinion of the Court, and the Court so finds, that Plaintiff at the time of filing his First Amended Original Petition on the 24th day of September, 1936, and thereafter on the trial of this cause in open court, tendered to the Defendant, Susie L. Amerine, said six (6) shares of capital stock in the Marine Bank and Trust Company, Houston, Texas, said certificate bearing No. 288, and said stock was by said Defendants refused." Defendants pleaded payment of taxes, and on that issue the court found: "The Court is of the further opinion, and so finds, that said Defendant, Susie L. Amerine, has paid state and county taxes upon the fifty (50) acres of land in controversy for the years 1931, 1932, 1933 and 1935 in the total sum of Fifty Three and 47/100 Dollars ($53.47), which Plaintiff should pay." On the verdict of the jury and his independent findings, the court rendered judgment in favor of appellee against defendants, canceling the deed from Mrs. Nevill to Mrs. Amerine, and the deed from Mrs. Amerine to the Crawfords, and for the title and possession of the 50 acres of land in controversy, and in favor of defendants for the amount of taxes paid by them. From that judgment defendants have duly prosecuted their appeal to this court.

■ The first and second assignments of error are that the court erred in submitting to the jury the following definition of "market value": "'Market Value' as herein used, is such a sum of money as the property is worth in the market generally to the persons who pay the just and full value for what the property would bring at a fair sale' where one party wants to sell and the other to buy, but where the party wishing to sell, is not compelled to do so." And in refusing to submit their

requested definition: "By the term 'Market Value' is meant the price the property will bring when offered for sale by one who desires to sell, but is not obligated to sell and is bought by one who desires to buy, but is under no necessity of buying." There is no difference, in legal effect, between the two definitions. The one requested by appellants was taken from Judge German's opinion in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 979, 89 S.W.2d 194. The one submitted has support in the following cases: Wagner & Chisholm v. Dunham, Tex.Civ.App., 246 S.W. 1044; Gulf, C. & S. F. Ry. Co. v. Hines, Tex. Civ.App., 4 S.W.2d 641; McInnis v. Brown County Water Improvement District, etc., Tex.Civ.App., 41 S.W.2d 741.

■■ By their third assignment appellants complain that the court erred in refusing to instruct a verdict in their favor, "there being no legal testimony sufficient to base a verdict and judgment on"; the proposition under this assignment was in the language of the assignment. The following statement was made by appellants in support of this assignment and proposition: "The third proposition, upon which this appeal is based is directed to the charge of the court and the failure on the part of the court to instruct the verdict for the defendants because there was no legal testimony to go to the jury for the jury to return a verdict in this case against the defendants." The proposition and assignment are too general to suggest error, and they are not aided in any way by the statement. To review this assignment of error we would be compelled to read the entire statement of facts, and this, under the rules, we are not permitted to do.

■■ By the fourth assignment of error and proposition in its support, appellants complain that the court erred in refusing to sustain their special exception to the following allegations of appellee's petition, quoting from the assignment of error: "That the warranty deed executed by Annie M. Nevill and Holcomb Nevill to Susie L. Amerine was without any actual consideration whatsoever and was obtained by defendant from the said Annie M. Nevill and Holcomb Nevill by fraud, imposition and undue · confidence and/or influence practiced upon the grantors therein and in the manner and means hereinafter set out, to-wit: 'The said Susie L. Amerine, de-fendant, on the date of February 16th, 1934, being the date the herein mentioned deed was executed, and prior thereto, represented to Annie B. Nevill that the six shares of capital stock in the Marine Bank and Trust Company, a banking corporation, Houston, Texas, were actually worth $600.00 in cash money, which representations were intentionally and fraudulently made by the Defendant to defraud Annie M. Nevill out of the land herein described, and said Defendant well knew at said date that said stock in the Marine Bank and Trust Company was worthless, had no actual value and was not worth the sum of $600.00 cash money.'" We give appellants' statement under this assignment and proposition: "If plaintiff in the trial court, appellees in this court, undertook to plead fraud, imposition, undue influence and/or confidence the same should have been set out in detail, which was not done, and appellants specially excepted to this pleading in the lower court and asked that the same be stricken which was not done and which was complained of in the trial court." Appellants' assignment, proposition, and statement present nothing for review. They should have brought forward as a part of their statement the allegations of appellee's petition challenged by their special exception, and should have made their special exception a part of their statement. However, the petition was not subject to a special exception.

■■ By their fifth proposition appellants present the substance of their fifth assignment of error: "The plaintiff in this case having failed utterly to show any value to the land upon which suit was brought to cancel the deed and there being no proof before the court on anything except as to the value of the stock involved in this case, the court could not enter a judgment cancelling a deed without having the value of the land as well as the value of the stock which is before the court." They make no statement in support of this proposition, but say, "The Fifth Proposition having heretofore been discussed in substance will not be further discussed at this time." Appellants make no statement under any of their propositions purporting to bring forward the testimony on this point. In an extended argument under one proposition they gave their construction of certain testimony. "A statement" is not properly incorporated in an argument, but where that is done, it should be clear, and should embrace all the

record on the particular point in issue. Appellants have not done that.

However, the evidence raised the issue of the value of the land. In the negotiations that led up to the execution of the deed the parties dealt with the land as having a value of $600—there was no controversy on this point. Mrs. Amerine proposed to trade her stock in the bank for the land, and represented that the stock had a cash value of $600.

We would say further that this was not an action for damages, but for rescission based on fraud—the allegations were that appellants had induced Mrs. Nevill to part with the title to her land on the consideration of six shares of stock of no value. Without controversy, the evidence established this issue. In support of their counter proposition that the cash market value of the land was not a controlling issue, appellee cites the following proposition from 20 Tex.Jur. 143: " * * * The particularity with which injury must be alleged differs according to whether relief is sought by way of rescission or of damages on account of the fraud. When the suit is for cancellation and the other elements of fraud are averred, it is ordinarily not necessary to plead or prove specifically just how much and in what detail the plaintiff has been injured. But if damages alone are sought, it is incumbent on the plaintiff both to plead and prove the facts necessary to show injury or damage and the amount thereof."

■ By their sixth assignment appellants complain that the court erred in refusing to submit the following issue requested by them: "Do you find by a preponderance of the evidence that Mrs. Susie L. Amerine in good faith purchased the fifty (50) acres of land in controversy in this suit and gave in exchange six (6) shares of stock in the Marine Bank and Trust Company of Houston, Texas, which she thought to be of the value of Six Hundred ($600.00) Dollars?" The issue was not raised by the evidence. Under all the evidence, at the time Mrs. Amerine traded her stock to Mrs. Nevill it was worthless. Mrs. Amerine had owned the stock for more than seven years and had never received a dividend on it. By any sort of inquiry she would have learned that the bank had ceased to do business. The evidence almost compels the conclusion that she knew this—if she didn't know it, the evidence compels the conclusion that she should have known it before making her representations of value to Mrs. Nevill. Appellants say by way of conclusion and not by citation of her testimony that Mrs. Amerine received one dividend. We give her testimony on this issue as brought forward by appellee:

"Q. Mrs. Amerine, when was the last time you drew any dividends on this stock? A. I never did.

"Q. You did never draw any dividends during the whole time that you had it? You are positive of that? A. No, I never.

"Q. You never did draw any dividends? A. No, sir.

"Q. And then if you never did draw any dividends you say that this stock at the time you traded it to Mrs. Nevill was worth 100 cents on the dollar? A. Yes, sir, that is what I said."

Apart from what we have said in construing the evidence, the issue of "good faith" was covered by the court's charge.

■ We give the language of the seventh assignment of error and its proposition: "The defendants in this case were entitled to have submitted to the jury the question of estoppel under all the facts and circumstances in this case as a matter of law." We give in full the statement under this assignment and proposition: "Among other things that were pleaded by the defendants in this case was the question of estoppel and when the case was submitted on special issues appellants requested that the question of estoppel be submitted as an issue in this case for the jury to pass upon, which was denied by the court, and which action of the court the appellants complained and say that they had a perfect and a legal right to have that question submitted to the court." The assignment, proposition, and statement are too general to present error.

■ The remaining assignments and propositions relate to the issue of "want of mental capacity" on the part of Mrs. Nevill. That issue was submitted to the jury and found against appellants. Though they complain of the failure of the court to define the term "want of mental capacity," the point was not raised in the lower court. The question requested by appellants on this issue was covered by the court's main charge. We do not further review this

point because the judgment has support on the issue of fraud against Mrs. Amerine in procuring the deed from Mrs. Nevill.

The judgment of the lower court is affirmed.