**RENSHAW et al. v. WISE COUNTY et al.**

No. 14142.

Court of Civil Appeals of Texas.
Fort Worth.

April 19, 1940.

Rehearing Denied July 12, 1940.

M. W. Burch, of Decatur, and Chas. A. Baker and Mack & Mack, all of Fort Worth, for relators.

Jennings C. Brown and H. G. Woodruff, both of Decatur, for respondents.

SPEER, Justice.

This is an application by R. R. Renshaw, Horace Renshaw and the Federal Land Bank of Houston, Texas, a corporation, hereinafter called relators, for a writ of prohibition and injunction against Wise County, Texas, Harlan Brown, County Judge thereof, Abe Birdwell, T. F. Cooke, R. H. McClung and Ed L. Paschall, County Commissioners of said County, members of and composing the County Commissioners' Court of Wise County, Texas, H. G. Woodruff and Jennings Brown, hereinafter referred to as respondents.

Relators pray that this Court will issue its writ of prohibition and injunction against respondents, enjoining and prohibiting them from instituting or prosecut-

ing any other suit or suits, proceedings or other actions, which would assail, attack or otherwise in any respect seek to set aside or have held for naught, a judgment in cause No. 2871 in County Court of Wise County, on September 29, 1939, affirmed by this court under our No. 14100 on certificate, January 12, 1940.

From the pleadings of relators and the reply of respondents we gather that respondents, other than attorneys Messrs. Woodruff and Brown, prior to November 5, 1938, filed with the County Judge of Wise County a petition, under Article 3264, R.C.S. Vernon's Ann.Civ.St. art. 3264, for condemnation of a part of relators' land, to be used by the State for highway purposes; that a Commission, as provided by Article 3266, was appointed and on the date last above given, the Commission made its report to the County Judge, in which the Commissioners awarded to relators damages amounting to $1,499.95.

On November 15, 1938, relators filed their written objections with the County Judge of Wise County, to the award of the Commissioners. The pleadings before us do not indicate when or how the cause found its way to the dockets of the County Court, but on April 8, 1939, respondents filed a motion in cause No. 2871, styled State of Texas, acting by and through the Commissioners' Court of Wise County, against R. R. Renshaw et al., asking that the Court have the award of the Commissioners recorded in the minutes of that court as its judgment. This motion was denied by the court. Again, on June 5, 1939, the same parties filed a similar motion in that cause, and this motion was likewise overruled by an order which contained this language: "The court is of the opinion that objections to the award of Special Commissioners and notice of appeal to the County Court of Wise County, Texas, was properly filed within the time and manner prescribed by law with the County Judge of Wise County, Texas, to-wit, Mrs. Velma Davenport, on the 15th day of November, 1938." The Court then set the case down for trial at the next term.

On September 6, 1939, the cause was tried to a jury and a verdict was rendered for relators for $4,535. Judgment was entered on the verdict on September 29, 1939, and respondents' motion for new trial was overruled September 30, 1939, to which they excepted and gave notice of appeal. No bond by respondents being required on appeal, and no transcript having been filed in this Court, relators on December 23, 1939, filed in this Court their motion, accompanied by a certified copy of the trial court's judgment, to affirm on certificate. On January 12, 1940, we sustained the motion and affirmed the judgment of the trial court. On January 29, 1940, mandate was issued from this Court and sent to the County Court of Wise County, Texas.

Pending the matter in this Court, on December 14, 1939, respondents in this cause filed their application to the District Court of Wise County, in cause No. 6975, for a writ of mandamus requiring the County Judge of Wise County to enter the award of the Commissioners as the judgment of the court. The writ was denied by the District Court.

On February 12, 1940, relators here filed their application in the District Court of Wise County, in cause No. 7000, for a writ of mandamus to require the Commissioners' Court of Wise County to issue its warrant on the Treasury of that county for the amount of the judgment entered in relators' favor in cause No. 2871 in the County Court, above referred to. Citation and show cause order were issued out of the District Court in cause No. 7000 to respondents, and that action is still pending.

Four days after the filing by relators of the application for mandamus in the District Court in cause No. 7000, respondents filed in the County Court of Wise County their petition in Bill of Review, attacking the validity of the judgment in cause No. 2871, praying that the judgment so entered on September 29, 1939, be set aside and held for naught, that they have their hearing thereon and that relators be enjoined from attempting to enforce the said judgment in cause No. 2871. Motion by relators to dismiss the bill of review filed by respondents was overruled and that action is still pending.

As reflected by the contentions of the parties by their motions and briefs before us, relators contend that the judgment in cause No. 2871 in County Court is valid, and that the affirmance made it the judgment of this court. Respondents contend that the judgment below, and likewise that of this court, were void because the County Court did not acquire jurisdiction, in that the purported objections

filed by relators to the award of the Commissioners were filed with the County Judge and not with the Clerk of the County Court within ten days after the award was filed by the Commissioners, as provided by Article 3266, R.C.S.

In condemnation proceedings, it is provided by Article 3264 that when political subdivisions of the State, having right of eminent domain, desire to take private property and cannot agree with the owner upon damages to be paid and shall file a statement with the County Judge indicating the necessity and describing the property, the County Judge shall appoint three special commissioners to have a hearing and assess the damages.

By Article 3265, R.C.S., the Commissioners shall make their report of the hearing had and the damages assessed in writing and file them with the County Judge.

Section 6 of Article 3266, R.C.S., reads: "If either party be dissatisfied with the decision [of the commissioners], such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

Section 7 of the same Article provides, in effect that if no objections to the Commissioners' award are filed within ten days after the award is filed with the County Judge, he shall cause the award to be recorded in the minutes of the court as the judgment entered in the cause.

As best we can gather from the application of relators and the reply of respondents, at some time, we do not know when, a suit involving the condemnation of relators' land found its way to the docket of the County Court and bears docket No. 2871. On two occasions previous to the trial had, motions were made by condemnors (respondents here) for the County Judge to enter the report and award made by the Commissioners, as the judgment of the court. The court declined to sustain both motions, giving as his reasons, that the objections to the award were duly and timely filed by relators "with the County Judge" within ten days after the commissioners' award was so filed.

■ If, after the objections of relators were filed with the County Judge, he in turn caused them to be filed with, or delivered to the clerk for filing, within the ten day period, we are inclined to the belief that the provisions of the statutes referred to by us would have been fully met, irrespective of whether or not they should have been filed with the clerk or the judge. The court's declination to order the award of the commissioners to be filed as the judgment of the court indicates that these things may have occurred, although the judgment on the motions shows as above indicated.

To our minds, the statutes above referred to are of doubtful construction, as to whether the objections to the award should be filed with the County Judge or with the Clerk. We also entertain some serious doubts that if filed with either and they are in the possession of the clerk within the time required by law and the opposing party is cited and the cause "tried and determined as in other civil causes", jurisdiction of the court attached.

Hardy v. City of Throckmorton, Tex. Civ.App., 62 S.W.2d 1104, involved an injunction against the County Judge entering the award of the commissioners as the judgment of the court. The award was made in a lump sum to several land owners whose property was sought to be condemned. It was claimed that the award was void, for the reason stated, and the appellate court was asked to enjoin further proceedings pending the appeal from the judgment of the trial court. The injunctive relief was denied because it did not appear whether or not objections were filed by the land owners to the award of the commissioners. On motion for rehearing it was held in connection with the original opinion that objections to the award must be filed with the clerk and not with the County Judge. When that case was tried upon the merits and again reached the Eastland Court of Civil Appeals (70 S.W.2d 775) it was again held that objections to the commissioners' award must be filed with the clerk and not the judge. Writ of error was refused by the Supreme Court.

■ In State v. Carpenter, Tex.Civ. App., 55 S.W.2d 219, it appears that in that case the award of the commissioners was filed with the county clerk instead of with the County Judge, as provided by Article 3266, supra. The State being dissatisfied with the award, filed its objections to the award with the clerk. The

jurisdiction of the county court was attacked because the award was filed with the clerk and not with the judge. This question was first raised by the State on motion for new trial. The court held it had waived the irregularity complained of by proceeding to a trial on the merits. Other serious matters were involved in the appellate court. A writ of error was granted by the Supreme Court and the opinion of the Court of Civil Appeals was reversed (126 Tex. 604, 89 S.W.2d 194) because erroneous charges on value and measure of damages had been upheld by the Court of Civil Appeals. The question whether or not the trial court had acquired jurisdiction in the first instance was not discussed by the Supreme Court. However, the trial court and Court of Civil Appeals had both held that the former had jurisdiction, and if there had been merit in the contention that no jurisdiction attached, the Supreme Court would have dismissed the case instead of reversing and remanding it, as was done. It is fundamentally true that a judgment is void if the trial court is without jurisdiction, and it is equally true that this cannot be waived by the parties or either of them. We believe that when the Supreme Court took no cognizance of the contention of appellant, that the trial court was without jurisdiction, but reversed the cause for another trial, the legal effect of its holding was that there was no merit in the contention.

If the filing of the award by the commissioners with the clerk instead of with the judge, as plainly provided by the statute, was an irregularity which could not affect the judgment entered, then it is persuasive to us that a timely filing of objections thereto with the judge, when the statute does not state with whom they shall be filed, would be less irregular and of less importance to the question of jurisdiction.

■ As indicated in the first part of this opinion, we are without a record of what really took place prior to the placing of the controversy on the docket under cause No. 2871, relating to the time when the objections of relators came into the hands of the clerk, and the various orders and judgments entered (other than the judgment entered on the jury verdict) and hence cannot, at this time, determine whether the judgment which was affirmed by us on certificate was valid, void or voidable. We pretermit passing upon that question in determining this application, but because of the absence of those things indicated which we deem essential to a determination of relators' right to the writ of prohibition, we decline to grant the writ. If, as and when the whole record reaches this court, we will pass upon such questions then presented. Accordingly, the relief sought now is denied.