## KENNEDY v. CITY OF DALLAS.
### No. 13764.

Court of Civil Appeals of Texas. Dallas.

April 4, 1947.

Rehearing Denied May 2, 1947.

Louis Wilson, of Dallas, for appellant.

H. P. Kucera, City Atty., and A. J. Thuss, Jr., Asst. City Atty., both of Dallas, for appellee.

BOND, Chief Justice.

This is an appeal from a judgment of a County Court at Law of Dallas County establishing the value of a parcel of land severed and employed by the City of Dallas in condemnation to extend or widen Live Oak Street in said City; and for consequential damages to the remaining portion of appellant's land caused by the condemnation. Both parties to the action be-

ing dissatisfied with the condemnation commissioners' report and their award of damages to appellant, duly appealed to the County Court; and both parties having pleaded, specifically and generally, such dissatisfaction, for all intent and purposes, the appeal to the County Court at Law brought before the trial all elements of damage resulting from the condemnation—not only as to the value of the property taken, but damage to the land not taken as a result of the taking. Appellant, in addition to the plea of dissatisfaction to the award, specifically setting out in her petition the market value of the land sought to be taken and, in connection therewith, the value of the remaining portion of the land and improvements thereon, its reduced value and damage resulting thereto by reason of the segregation of that portion taken, went further and alleged a catalogue of procedural iniquities of the Board in its failure to fully understand the evidence offered which caused the disappointing award, and its failure to take into consideration certain factual matters which warranted a greater amount than the commissioners' report accorded to her. On appellee's exception challenging the pleadings of assigned iniquities of the Board as being immaterial, irrelevant and prejudicial, the trial court sustained the exceptions, which action formed the basis for appellant's points of error. We think such assignments or points of error are without merit.

█ Error of the Board in weighing the evidence tendered to it and in assessing damages are not assignable in pleadings on appeal to the county court in condemnation proceedings. As clearly and briefly stated in the case of Fitzgerald v. City of Dallas, Tex.Civ.App., 34 S.W.2d 682, 683: "The law designates the damages that the owner of property condemned shall have the right to recover, viz. the value of the land taken and the injury to the remaining portion caused 'by reason of the condemnation of the property and its employment for the purpose for which it is to be condemned.' Under the eminent domain statute title 52, R.S.1925 (articles 3264–3271 [Vernon's Ann.Civ.St. arts. 3264–3271]), the right of the owner of property condemned thereunder to recover as compensation the value of the land taken and damages for the injury that will result to the remainder of such property belonging to such owner is absolutely provided for and definitely secured to him, and leaves only, as an issue of fact to be determined, the value of the land taken and the measure or amount of the damages sustained to that portion of the land not taken; therefore there could exist no reason for, or useful purpose to be served by, requiring the owner of property sought to be condemned to specifically allege the damages sustained, or to particularize the elements of damages produced by such condemnation proceedings. Article 3265, R.S. 1925; Rev.Stats. art. 3266, subd. 6; Choctaw O. & T. R. v. True, 35 Tex.Civ.App. 309, 80 S.W. 120; Dallas P. & S. E. R. v. Day et al., 3 Tex.Civ.App. 353, 22 S.W. 538; Wichita Falls & W. R. v. Wyrick, Tex.Civ.App., 158 S.W. 570."

█ And to the same effect, in Lower Colorado River Authority v. Hughes, Tex. Civ.App., 122 S.W.2d 222, 224, the court said: "The authorities hold that on an appeal in condemnation proceedings the defendant need not particularize in writing the damages claimed, nor file written pleadings, because the statute, Vernon's Ann. Civ.St. art. 3265, regulates what items of damages he may recover, and the only question on the appeal is the amount of such damages. Dallas, etc. R. Co. v. Day, 3 Tex.Civ.App. 353, 22 S.W. 538; Wichita Falls & W. R. Co. v. Wyrick, Tex.Civ. App., 158 S.W. 570; 16 Tex.Jur. 800, § 167."

█ Manifestly, where a party to a condemnation suit does not have to plead particular items or measure of damage, it is objectionable if he pleads improper things, consisting mainly of a catalogue of evidentiary mistakes, or iniquities, by the condemnation Board. In the instant case, when appellant filed objections to the commissioners' report as required by statute, for all intent and purposes the award of the commissioners was vacated. Gulf C. & S. F. R. v. Fort Worth & R. G. R., 86 Tex. 537, 26 S.W. 54; Susholtz v. City of Houston, Tex.Com.App., 37 S.W.2d 728; Milam County v. Akers, Tex.Civ.

App., 181 S.W.2d 719 (error refused); Lower Colorado River Authority v. Burton, Tex.Civ.App., 170 S.W.2d 783. Jurisdiction having been thus transferred to the County Court, the trial there was in the nature of a trial de novo. Therefore, as a matter of law, it was wholly unnecessary for the appellant to file any objection, or any pleading in the County Court where the adverse party had, within the time required by law, filed its objection or dissatisfaction to the award, thus perfecting the appeal as to both parties. So, without any pleading whatsoever, the appellant could have recovered more, or awarded less on a trial de novo before the County Court, than was awarded by the condemnation commissioners. The trial in the County Court was not confined to the proof offered before the condemnation commissioners.

In the case of Milam County v. Akers, supra, the land owner Akers did not appeal nor file objections to the commissioners' report, and on trial of the controversy in the County Court, the judge awarded a larger amount than had been awarded in the condemnation report. The court held that his failure to appeal did not prevent him, in a trial de novo based upon the other party's appeal, from recovering more than had been awarded.

■ Aside from the above announced rule of law, we think appellant was in no wise injured for any lack of pleadings itemizing her damages, because the record discloses that all relevant testimony tendered by her to prove the market value of the parcel of land taken and the consequential damages to the remainder of the land were fully allowed by the court and evidently weighed by the jury. Each and every item of damage recognized by the statutes and the general rules for arriving at a just compensation were presented. Texas Power & Light Co. v. Hill, Tex.Civ.App., 27 S.W.2d 842, error dismissed.

■ Appellant further assigns error to the form of the issues submitted, in that, the issues do not add elements of value or give proper explanation of such elements, which the jury may have considered in arriving at the ultimate issues of value, thus depriving appellant of the added value to said land by reason of its adaptability for other uses and purposes as disclosed by the evidence. We think the trial court committed no error in the manner the ultimate issues of fact were submitted to the jury. No relevant matter was excluded from the jury's consideration in arriving at a just compensation for the land taken, and the consequential damages to the remainder. It will be seen that the court undertook to follow closely approved issues as outlined in the case of State v. Carpenter, 126 Tex. 604, 89 S.W. 2d 194, 979. The issues in brief submitted by the court called for a determination (1) of the market value of a tract or parcel of land condemned by the City of Dallas, considered as severed land; (2) the market value of the remaining tract of land, exclusive of the tract taken, immediately before the strip was taken; and (3) the market value of the remainder of the tract of land immediately after the taking of the severed tract. In the third issue, the court excluded "increase in value, if any, and decrease in value, if any, by reason of benefits or injuries received by defendant, in common with the community generally and not peculiar to her and connected with her ownership, use and enjoyment of the particular tract of land, a part of which was condemned for State purposes, and taking into consideration the uses to which the said condemned tract is to be subjected." In addition to, and along with the aforesaid issues, the court instructed the jury "That the 'Market Value,' as it is used in this charge is the price the property will bring when offered for sale by one who desires to sell, but is not obliged to sell, and is bought by one who desires to buy, but is under no necessity of buying."

In the Carpenter case, our Supreme Court definitely wrote a comprehensive, authoritative, judicial treatise on the law of damages in eminent domain cases and to settle some of the conflicts which have arisen between the several opinions from the courts of civil appeals. How well the Supreme Court succeeded in accomplishing this can be gleaned from the acceptance of this authority in the following

cases: Texas & N. O. v. Coe, Tex.Civ.App., 102 S.W.2d 465; Dickens County v. Dobbins, Tex.Civ.App., 95 S.W.2d 153; Cox v. City of Fort Worth, Tex.Civ.App., 102 S.W. 2d 504; Gillam v. State, Tex.Civ.App., 95 S.W.2d 1019; Amerine v. Darden, Tex.Civ. App., 116 S.W.2d 763; Milam County v. Akers, Tex.Civ.App., 181 S.W.2d 719; Texas Power & Light Co. v. Hering, Tex.Civ. App., 178 S.W.2d 162, 164; State v. Littlefield, Tex.Civ.App., 147 S.W.2d 270; Aycock v. Houston Light & Power, Tex.Civ. App., 175 S.W.2d 710; Brazos Conservation & Reclamation Dist. v. Adkisson, Tex. Civ.App., 173 S.W.2d 294; General Exchange Ins. Co. v. Bolles, Tex.Civ.App., 143 S.W.2d 635; Renshaw v. Wise County, Tex.Civ.App., 142 S.W.2d 578; Carmichael v. Harrison, Tex.Civ.App., 165 S.W.2d 510; Wise v. City of Abilene, Tex.Civ.App., 141 S.W.2d 400; Young v. Jefferson County, Tex.Civ.App., 164 S.W.2d 51; State v. Davis, Tex.Civ.App., 140 S.W.2d 861; Mayben v. State, Tex.Civ.App., 140 S.W.2d 564; Payton v. City of Big Spring, Tex.Civ.App., 157 S.W.2d 975; Phelps v. State, Tex.Civ. App., 157 S.W.2d 955; Foley Bros. v. Settegast, Tex.Civ.App., 133 S.W.2d 228; City of Denton v. Chastain, Tex.Civ.App., 156 S.W.2d 554; City of Trinity v. McPhail, Tex.Civ.App., 131 S.W.2d 803; Arcola Sugar Mills v. Houston Light & Power Co., Tex.Civ.App., 153 S.W.2d 628, 630; Federal Underwriters v. Cost, 132 Tex. 299, 123 S.W.2d 332; Naegelin v. State, Tex. Civ.App., 153 S.W.2d 269; Floyd County v. Clements, Tex.Civ.App., 150 S.W.2d 447.

Of the above large number of cases, the following cases have expressly followed the manner of submitting the issues: Texas Power & Light Co. v. Hering, Tex.Civ. App., 178 S.W.2d 162, 164; Aycock v. Houston Light & Power Co., Tex.Civ.App., 175 S.W.2d 710; City of Denton v. Chastain, Tex.Civ.App., 156 S.W.2d 554; Naegelin v. State, Tex.Civ.App., 153 S.W.2d 269; Floyd County v. Clements, Tex.Civ. App., 150 S.W.2d 447; Wise v. City of Abilene, Tex.Civ.App., 141 S.W.2d 400; Reeves v. City of Dallas, Tex.Civ.App., 195 S.W.2d 575. The trial court in the instant case substantially followed the approved issues.

Appellant assigns further error on the action of the trial court in excluding the testimony of the witness J. C. Elledge, as to the commercial value of a pecan tree, located on the portion of the land not condemned, but which would, in all likelihood, die because of excavation on the land taken and used for street purposes. The valuation of the tree as a separate item of damage unrelated to its effect upon the market value of the land, on a basis other than the market value, was properly excluded by the trial court. The witness Elledge was permitted to testify without objection that a shade tree in the back yard, being a pecan tree, would after the severance of the triangle strip of land, in his opinion die as a result of the disturbance of the soil so close to the roots of the tree, but appellant sought by said witness to value the tree separate from the land. The tree undoubtedly formed a part of the value of the land upon which it stood, and any evidence of the destruction of the tree was measured by the diminution in value of the land. 13 Tex. Jur. 165. We think the assignment is without merit.

Appellant assigns further errors to the action of the trial court in excluding other testimony, which we have considered, and finding no reversible error they are overruled. The judgment of the trial court is affirmed.