## THOMPSON v. MARTIN COUNTY.

### No. 4850.

Court of Civil Appeals of Texas. El Paso.

Jan. 23, 1952.

Rehearing Denied Feb. 27, 1952.

Morrison & Morrison, Big Spring, for appellant.

Thomas & Thomas, Big Spring, for appellee.

SUTTON, Justice.

This is a condemnation case and the appeal comes from the County Court of Martin County. Martin County sought to condemn a right of way across the lands of Thompson for highway purposes. Within ten days after the report of the Commissioners was filed with the County Judge Thompson caused a letter to be addressed to the County Judge which reads:

"Dear Sir: Mr. A. D. Thompson has requested that we notify you of his disapproval of the findings of the three partial and bias commissioners appointed to assess the value of his property condemned for highway purposes in Martin County.

"Please consider this as his request for Jury Trial in these proceedings."

The letter was signed by Marshall & King. There is no question but that the letter was duly received by the County Judge, and within ten days from the filing of the report of the Commissioners.

The County Judge, notwithstanding the letter, proceeded under Sec. 7, Art. 3266, Vernon's Ann.Civ.St., to cause the decision of the Commissioners to be entered upon the minutes of the Court, reciting no objections to the decision and award had been filed in the manner, form and time required by law. Thompson sought to have the decision as entered set aside, and the matter tried, which was refused by an order and judgment duly entered from which this appeal is prosecuted.

There is no dispute about the facts and the case is here on an agreed statement of facts. The action of the trial court is challenged in appropriate points and is sought to be sustained on the grounds the letter was insufficient because it did not state the "grounds" of objection; because it was never filed, and if filed it was not filed with the proper officer and in that the objections must be filed with the Clerk and not the Judge.

The question that has given us most concern is the sufficiency of the letter. The statute, Sec. 6, Art. 3266, supra, merely provides if either party be dissatisfied with the decision of the Commissioners he shall file his objection thereto in writing, setting forth the grounds of objection. The effect of the filing of the objection is to remove the proceeding from the special tribunal to the court to be tried and determined as a cause. On the appeal the only issue to be tried is the amount of the damages. Kennedy v. City of Dallas, Tex.Civ.App., 201 S.W.2d 840 and the cases there cited. The damage is fixed by the statute, Art. 3265, V.C.S. and limited to the value of the property actually taken and the injury to that not so taken. There is no question raised that the property is not subject to condemnation for the purposes for which it was sought to be condemned, nor could there be. The only objection that could have properly been made was that the amount of the award was insufficient. We think the plain import of the letter is Thompson was dissat-

isfied with the value fixed for his property condemned and, therefore, sufficient. The objection required to be filed by the statute is not to be governed by the rules of pleading. It gave notice of the issue he desired tried on appeal, and the only issue that could there be tried, and on the appeal he was not required to file any pleadings. Authorities supra. The trial of a citizen's property rights in a regularly constituted judicial tribunal is one of the most valuable rights and privileges of an American citizen, and should not be denied on a pure technicality.

 We think the mailing and delivery of the letter within the time required by law was a sufficient filing. It cannot matter how a pleading or instrument required to be filed reaches the hands of the officer with whom it should be filed, whether manually delivered by the interested party, by his agent, messenger or by mail. It is only essential that it reach his hands within the required time. This is thought to be elementary.

This brings us to a consideration of the issue debated most, that the filing with the Judge is not a filing, but that the same was required to be filed with the Clerk. The views of the writer and a majority of the Court on this issue have heretofore been set out in City of El Paso v. Ward, Tex.Civ.App., 213 S.W.2d 726, and what is said there need not be repeated here. It may be added to what is said in the Ward case, the logic of the statute, in the absence of a provision with whom it shall be filed, is that it was meant to be filed with the Judge, because the Legislature had just finished with the provision that the report be filed with the Judge and all the proceedings up to that point had been with the Judge. The logic of the situation generally is that a filing with either the Judge or the Clerk should be sufficient and that is at least what the writer conceives to be the view of the Supreme Court, as is pointed out in the Ward case. The view is further substantiated by the case of State v. Carpenter, Tex.Civ.App., 55 S.W.2d 219, and 126 Tex. 604, 89 S.W.2d 194, wherein the report of the Commissioners was filed with the Clerk contrary to the provision of the statute that it be filed with the Judge.

It was held by the Court of Civil Appeals the filing with the Clerk was a mere irregularity and was waived, though the attack was made on the jurisdiction of the court. The Supreme Court granted a writ in the case and reversed it on other grounds and without any reference to the matter of filing with the Clerk. It could not have done so had there been no jurisdiction in the lower courts. If a filing of the report with the Clerk is an irregularity notwithstanding the plain provision of the law, then it seems the filing of the objection with the Judge in the absence of any provision is less irregular. We conclude, therefore, the filing in the instant case was sufficient and the trial court erred in his judgment.

The judgment of the trial court will be reversed and the cause remanded for a trial on the merits.

McGILL, J., concurs.

PRICE, C. J., did not participate in the decision of this case.