**HUGULEY et al.**

v.

**STATE et al.**

No. 4983.

Court of Civil Appeals of Texas.

El Paso.

Dec. 16, 1953.

Rehearing Denied Jan. 6, 1954.

Eades & Eades, Eric Eades, Jr., R. A. Neatherly, Dallas, for appellants.

John B. Webster, Asst. Dist. Atty., Henry Wade, Dist. Atty., Ted P. McMaster, Asst. City Atty., Jon H. Shurette, Asst. City Atty., H. P. Kucera, City Atty., Dallas, for appellees.

McGILL, Justice.

This is an appeal from a judgment rendered by the County Court at Law, No. 2, of Dallas County, in a condemnation suit in which appellees were plaintiffs and appellants were defendants.

The State of Texas and Dallas County, on request of the State Highway Commission, filed suit against defendants to condemn 2.18 acres of land particularly described, belonging to defendants, for public road and state highway purposes. The City of Dallas filed a condemnation suit against defendants to condemn 3.2567 acres of land particularly described, of defendants, within the city limits, for the same purpose, i. e., a central express way. Apparently the suits were consolidated, and by stipulation of the parties both tracts of land taken were treated as one tract. Appellants state in their brief that by stipulation all issues were removed from the case except the issue as to the value of the land taken. Trial was to a jury. The court submitted only one special issue, i. e., the market value of the land condemned by the State, County

and City, to which the jury answered $12,500, and judgment was rendered accordingly.

In connection with the issue submitted the court defined "market value" as follows:

" 'Market value' as used in this charge means the price the property would bring when offered for sale by one, who desires to sell, but is not obliged to sell, and is bought by one who desires to buy, but is under no necessity to buy."

Defendants' timely objected to this definition because it did not

"take into consideration the fact that defendants are entitled to recover the value of the lands involved with reference to any use to which such lands are reasonably adapted and does not take into consideration the best or most valuable use to which said property is adapted,"

and requested that the following be added to the definition of "market value" as given by the court:

" * * * taking into consideration all uses to which the property is reasonably adapted, including the highest and most profitable use and purpose to which the property is reasonably adapted."

This request was refused. Appellants' points are that the court erred in overruling their objection to the definition of "market value" contained in the charge and in refusing to give their requested definition. There was a sharp conflict in the testimony as to the most profitable use to which the property was adapted.

These identical contentions were made in the case of Herndon v. Housing Authority of City of Dallas, Tex.Civ.App., 261 S.W. 2d 221 and were overruled by the Dallas Court of Civil Appeals, citing State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, at pages 200, 979; and Kennedy v. City of Dallas, Tex.Civ.App., 201 S.W.2d 840. A writ of error was refused without qualification in the Herndon case on December 2,

1953. We therefore think the matter has been put at rest and nothing further need or can be written.

Appellants' points are overruled and the judgment affirmed.