**The STATE of Texas, Relator,**

**v.**

**Honorable Ernest A. KING, Judge of the County Court of Ward County, et al., Respondents.**

**No. 6026.**

Court of Civil Appeals of Texas.

El Paso.

Jan. 29, 1969.

---

Crawford C. Martin, Atty. Gen., Austin, Nola White, Hawthorne Phillips, Watson C. Arnold and Charles Bedsole, Asst. Attys. Gen., for relator.

John R. Lee, Kermit, for respondents.

## OPINION

FRASER, Chief Justice.

As set forth in the Fact Statement presented in the brief of the Relator, the following events occurred.

Relator instituted condemnation proceedings to acquire for highway purposes land situated in Ward County, Texas, owned by Respondents Chester E. Swafford and wife, Bessie A. Swafford. This proceeding was filed with the County Judge of Ward County pursuant to Article 3264, Vernon's Ann.Texas Civil Statutes. The County Judge appointed three Special Commissioners, who, after taking proper oaths, set a time and place for a hearing and issued and caused to be served notice of hearing to the interested parties other than the Relator, all in accordance with said Article 3264, supra. The hearing was held before the Special Commissioners on May 23, 1966. On the same day the said Commissioners rendered their Award in the amount of $2,000.00 jointly to Respondents Chester E. Swafford and wife, Bessie A. Swafford. This Award was also filed with the County Judge on May 23, 1966.

Subsequently, on June 13, 1966, Relator filed its written objections to the Award together with its written request that this

cause be set down for jury trial. Relator then deposited the aforesaid amount of the Commissioners' award into the registry of the court on August 23, 1966, payable to the said Respondent landowners, and a writ of possession was ordered issued to the State of Texas on the same date. Thereafter said Respondents filed a written Request to Withdraw the Award and the request was granted by a written order of the County Court issued on September 26, 1966. The County Clerk of Ward County then duly and properly issued citations to the Respondent landowners, Chester E. Swafford and wife, Bessie A. Swafford. These were served and returned on November 12, 1966.

The present case, The State of Texas v. Chester E. Swafford, et ux., Cause No. 2623, County Court of Ward County, was set for jury trial on November 16, 1967. Attorneys for all interested parties appeared before the County Court on that date. After the court received and took under advisement several motions to suppress certain evidence filed by Relator, the attorney for the Respondent landowners presented a written "Motion to Abate" all further proceedings in this case except for entry of an order causing the decision and Award of the Commissioners to be recorded in the Minutes of the County Court and to make the same the judgment in this cause. As the basis for the motion to abate, it was stated that no objections had been timely filed in this cause in conformity with the statutes governing eminent domain proceedings. (The County Judge apparently felt that because Relator's objections recited April 23, 1966 as the date on which the Commissioners' Award had been rendered, whereas the award had actually been awarded one month later, this error in date rendered the objections invalid, even though the record showed that the objections were timely filed within the time prescribed by law.)

After considering the Respondent landowners' motion to abate, Respondent Judge King orally indicated in open court to the attorneys for both sides that he intended to grant the motion. The jury panel was then dismissed by the Respondent Judge and no trial of this cause was held on November 16, 1967, or on any subsequent date. After this ruling, Relator, on the same date, offered: its First Amended Objections to the date of rendition of the Award; a statement supporting Relator's allegation that it had in fact filed proper objections in the above-described cause; and an instrument which asserted that Relator's objections were timely and legally sufficient to perfect its appeal from the Award, and moving Respondent Judge King to set aside his prior ruling on the said motion to abate and to proceed to a jury trial in this cause. The first instrument was received by the Respondent Judge, but the amendment was not accepted, the second instrument was orally overruled in open court.

On November 21, 1967, Respondent Judge King held another hearing for the attorneys for all interested parties related to the trial of the present cause. At this hearing Relator presented a written motion which requested leave to file further pleadings in this case; leave to file further exceptions to the said Motion to Abate; and a jury trial. This motion was orally overruled in open court by Respondent Judge King.

Since the original trial date, November 16, 1967, Respondent Judge King has never entered a written order granting the above described motion to abate, and no order has been filed with the papers in this cause. Also, pursuant to the request in that motion, no judgment in the amount of the Award was ever rendered or entered in this cause. Neither the docket records of the County Judge nor the County Clerk reveal the entry of such judgment.

In view of this state of the record, Relator presented to Respondent Judge King, on November 20, 1968, a written Motion to Proceed to Trial which asked the Respondent Judge to reset this case on his trial

docket and to proceed to jury trial. Respondent Judge King overruled this motion by written order on November 20, 1968. The Respondent Judge's refusal to take judicial jurisdiction herein has therefore effectively denied Relator the right to trial by jury in this cause although its objections properly and timely perfected an appeal from the Award. Relator now petitions this court for a writ of mandamus to compel Respondent Judge King to proceed forthwith to submit this case to a jury in accordance with the appeal of Relator.

■■■ In the opinion of this court, Relator is entitled to its writ of mandamus, because the error was what has been described as a clerical error or "slip of the pen", but in any event, had been filed within the proper time. It is further our opinion that Judge King should have allowed Relator to correct the error in the manners by which Relator sought to do that very thing. Further, it will be noted that the trial judge merely announced orally in open court that he was granting the motion to abate; but such has never been reduced to writing and signed by the Judge, nor has the requested entry making the Award the judgment of the court ever been made, and no judgment has been entered in the case. This leaves the Relator without any opportunity to appeal the case and obtain a trial before a jury. It is our considered opinion that the Award was timely filed and that Judge King should have ruled either that Relator's objections, although containing the clerical error on its face, were sufficient as an objection to the award of the Commission, and/or he should have allowed Relator's requested amendment to its objections to the Award in order to correct the recitation of the date on which the Award was rendered. Art. 3266 holds that the date on which the Commissioners' Award is *filed with the County Judge* is the controlling date for determining the timeliness of the objections, *and not the date on which the Award was rendered*, and it must be noted that the error in this case expressly referred to the date of rendition rather than the date of filing.

■■■ We are therefore confronted with a condemnation proceeding wholly controlled by an oral statement by the Judge that he was granting a motion to abate. We are not able to examine the motion, nor has the motion ever been filed. As stated in the case of Lemmon v. Giles, 342 S.W.2d 56 (Tex.Civ.App., wr. dism.), the court treated an erroneous statement of the date on which the Award was rendered as a "clerical error" which did not render invalid either the Award or the objections thereto. We agree with the Relator that the mistaken reference was an incidental one, and not a controlling fact, and should not be considered as voiding the objections or as rendering them untimely. Sinclair v. City of Center, 107 S.W.2d 921, 922, 923 (Tex.Civ.App.1937, wr. ref.); Thompson v. Martin County, 247 S.W.2d 585 (Tex. Civ.App.1952, dism.); Lemmon v. Giles (supra), 342 S.W.2d, p. 60. These cases and others have held, in the State of Texas, that strict or formal pleading requirements do not apply to objections which appeal condemnation commission proceedings. The sufficiency of objections, therefore, is not measured by the same standard applicable to pleadings in other causes of action. City of Teague v. Stiles, 263 S.W.2d 623 (wr. ref., n. r. e.). As stated in the case of Thompson v. Martin County (supra), 247 S.W.2d at page 586, the court was confronted with a simple letter which recited:

" 'Dear Sir: Mr. A. D. Thompson has requested that we notify you of his disapproval of the findings of the three partial and bias commissioners appointed to assess the value of his property condemned for highway purposes in Martin County.

" 'Please consider this as his request for Jury Trial in these proceedings.' "

We believe this, and the other cases, to be the rule, and that Relator is entitled to his

writ of mandamus. We must repeat that the Court's granting of the motion to abate was announced orally by him in open court and has not, at this time so far as we know, ever been reduced to writing and filed as judgments should be. This, of course, deprives Relator of a substantial part of its appellate rights.

For the above stated reasons, it is our opinion that Relator is entitled to a writ of mandamus requiring the County Judge to grant Relator, forthwith, a trial by jury. We assume that the trial judge will abide by this decision; otherwise, we will have no choice but to issue the writ itself. Accordingly, we believe that Relator's position and petition are sound, and the relief which he seeks should be granted, and so find.