KILGORE JUNIOR COLLEGE
DISTRICT, Appellant,

v.

KETTLE RESTAURANTS,
INC., Appellee.

No. 12–88–00210–CV.

Court of Appeals of Texas,
Tyler.

Jan. 13, 1989.

Rehearing Denied March 17, 1989.

T. John Ward, Longview, for appellant.

Earl Roberts, Jr., Longview, for appellee.

PER CURIAM.

This is a condemnation case in which the sole issue before this Court is whether a condemnee should be allowed to recover prejudgment interest in the absence of pleadings.

On July 18, 1983, Kilgore Junior College District filed an original petition to condemn a certain tract of land in which Kettle Restaurant, Inc. owned a leasehold interest.[1] Special commissioners appointed to assess damages entered an award of $10,-000.00 to Kettle Restaurant, Inc. Pursuant to Tex.Rev.Civ.Stat.Ann. art. 3268 (Vernon 1968),[2] Kilgore Junior College deposited the award with the registry of the court on August 18, 1983. Kettle Restaurant, Inc. timely filed objections[3] to the award and requested that the cause be tried in the county court.[4] The cause was transferred to the 188th District Court of Gregg County, Texas, and a trial before the court was held. After a hearing, the trial court determined that Kettle Restaurant, Inc. was entitled to recover from Kilgore Junior College the sum of $75,352.54. The trial court found that the total value of the leasehold interest taken by Kilgore Junior College was $63,896.50. The award to Kettle Restaurant, Inc. represents $21,456.04 in prejudgment interest on the sum of $53,-896.50, which is the amount that the court's award exceeded the amount deposited into the registry of the court by Kilgore Junior College. Kilgore Junior College appeals from that portion of the court's award that granted prejudgment interest to Kettle Restaurant, Inc.

Kilgore Junior College contends that Kettle Restaurant, Inc. is not entitled to prejudgment interest because Kettle Restaurant, Inc. did not plead for prejudgment interest. Kilgore Junior College cites *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985), which provides that prejudgment interest compounded daily is recoverable as a matter of law in personal injury cases and the case of *Benavidez v. Isles Construction Co.*, 726 S.W.2d 23 (Tex.1987), which held that prejudgment interest is not recoverable unless specific pleadings request prejudgment interest.

The *Cavnar* reasoning of awarding prejudgment interest compounded daily was extended to eminent domain cases in the case of *City of Houston v. Wolfe*, 712

1. The record title owners and lienholder were named in the condemnation petition.

2. Article 3268 was in effect at the time of the proceedings but has been repealed and has been replaced by Tex.Prop.Code Ann. 21.021 (Vernon 1984).

3. Pursuant to Tex.Rev.Civ.Stat.Ann. art. 3266 (Vernon 1966) which was in effect at the time of the proceedings but has been repealed and has been replaced by Tex.Prop.Code Ann. 21.018 (Vernon 1984).

4. The other parties to the condemnation did not appeal from the commissioner's award.

S.W.2d 228, 230 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd). However, the awarding of prejudgment interest has been allowed in eminent domain cases long before the *Cavnar* and *City of Houston* cases were decided. Prejudgment interest has been allowed in eminent domain cases as part of the damages or compensation to which property owners are entitled to be paid them under Article I, § 17, of the Texas Constitution. *State v. Hale*, 136 Tex. 29, 146 S.W.2d 731 (1941). Where the measure of recovery is fixed by the conditions existing at the time that the injury is inflicted, the person entitled to recovery has the right to have compensation for the detention of the money to which he is entitled by reason of the wrong done. *Smith v. National Resort Communities, Inc.*, 585 S.W.2d 655 (Tex.1979). Prejudgment interest compensates a condemnee for lost opportunities to invest and earn interest on the amount of damages between the time of the occurrence and the time of judgment. Equity justifies prejudgment interest to a condemnee when a condemnee is forced to pursue its rights in a court of law.

In condemnation cases the objection which the condemnee must file by statute is not governed by the rules of pleadings. *Thompson v. Martin County*, 247 S.W.2d 585 (Tex.Civ.App.—El Paso 1952, writ ref'd). Strict or formal pleading requirements do not apply to objections which appeal condemnation commission proceedings. *State v. King*, 437 S.W.2d 420 (Tex. Civ.App.—El Paso 1969, no writ). The sufficiency of objections is not measured by the same standard applicable to pleadings in other causes of action. *City of Teague v. Stiles*, 263 S.W.2d 623 (Tex.Civ.App.— Waco 1953, writ ref'd n.r.e.).

In *Thompson*, 247 S.W.2d at 587, the court discussed the fact that the only issue on appeal in a condemnation case is the amount of damages; therefore, after an objection is filed, the condemnee is not required to file *any* pleadings. In *Thompson*, the court stated: "The trial of a citizen's property rights in a regularly constituted judicial tribunal is one of the most valuable rights and privileges of an American citizen, and should not be denied on a pure technicality."

In the case of *Kennedy v. City of Dallas*, 201 S.W.2d 840 (Tex.Civ.App.—Dallas 1947, writ ref'd n.r.e.), the court stated that under the eminent domain statutes the right of the owner of property condemned to recover compensation for the value of the land taken is absolutely provided for and definitely secured to him, and leaves only, as an issue of fact to be determined, the value of the land taken. The court concluded: "There could exist no reason for, or useful purpose to be served by, requiring the owner of property sought to be condemned to specifically allege the damages sustained, or to particularize the elements produced by such condemnation proceedings." In *Kennedy*, the court further stated that when objections to the commissioner's report are filed the award of the commissioners is vacated. Jurisdiction is thus transferred to the County Court [and then to the District Court in the instant case]. The trial there is in the nature of a trial de novo. In *Kennedy*, 201 S.W.2d at 842, the court held:

> Therefore, as a matter of law, it was wholly unnecessary for the appellant to file any objection, or any pleading in the County Court where the adverse party had, within the time required by law, filed its objection or dissatisfaction to the award, thus perfecting the appeal as to both parties. *So, without any pleading whatsoever*, the appellant could have recovered more, or awarded less on a trial de novo before the County Court, than was awarded by the condemnation commissioners. (Emphasis added.)

We are unable to ascertain how Kilgore Junior College was injured for any lack of pleadings requesting prejudgment interest. The amount of prejudgment interest is purely a mathematical calculation of damages which the condemnee is entitled to recover. We conclude that since a condemnee is allowed to recover damages without specific pleadings, and since prejudgment interest is a part of the damages or compensation, a condemnee is entitled to prejudgment interest in the absence of

pleadings. Kilgore Junior College's point of error is overruled.

The judgment of the trial court is affirmed.

COLLEY, J., not participating.